## SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

### January 25, 1918.

## THE PEOPLE ex rel. PHILIP TEITELBAUM v. RYAN.

### (181 App. Div. 404.)

1. EXTRADITION*—HABEAS CORPUS.†

Upon a petition by a person charged with being a fugitive from justice for a writ of habeas corpus, the identity of the name of such person with the name of the person named in the rendition warrant raises a presumption that the persons are the same.

2. SAME—TRAVERSE OF RETURN.

A traverse of the return to such a petition raises an issue of fact to be determined by the court as to the preponderance of the evidence with the burden upon the relator.

3. SAME—EVIDENCE OF IDENTITY—BURDEN OF PROOF.

Evidence examined, and held, insufficient to overcome the presumptive *prima facie* case made out by the rendition warrant that the relator was the fugitive from justice sought.

4. SAME—HABEAS CORPUS NOT PROPER PROCEEDING TO TRY QUESTION OF GUILT OR INNOCENCE.

Habeas corpus is not the proper proceeding to try the question of a relator's guilt or innocence of the crime charged, the proceeding being limited to the determination of whether the person held in custody is or is not a fugitive from justice as charged.

5. SAME—EVIDENCE OF FORMER CONVICTION.

Evidence on such a proceeding as to a former conviction of the relator is competent for the purpose of establishing identity.

As such evidence could have had no prejudicial influence upon the court in determining the question as to whether or not the relator was a fugitive from justice, it is the duty of the appellate court to disregard it under section 542 of the Code of Criminal Procedure.

APPEAL by the relator, Philip Teitelbaum, from an *ex parte* order of the Supreme Court, made at the Kings County Special

---

* See Notes, Vols. 7, pp. 83, 411; 8, p. 438; 23, p. 41.

† Notes on Habeas Corpus, Vols. 15, p. 152; 23, p. 55.

Term and entered in the office of the clerk of the county of Kings on the 15th day of November, 1917, amending a prior order dismissing and quashing a writ of habeas corpus allowed on behalf of the relator and ordering " that the officer entrusted with the execution of the said warrant of the Governor deliver the prisoner into the custody of the agent designated in the requisition and warrant issued thereon as the agent of the Commonwealth of Massachusetts to receive him."

*K. Henry Rosenberg,* for the appellant.

*Harry G. Anderson, Assistant District Attorney (Harry E. Lewis, District Attorney,* with him on the brief), for the respondent.

RICH, J.:

The appellant was arrested charged with being a fugitive from justice, and upon his petition in which he denied that he was the person named in the warrant, or wanted by the Massachusetts authorities for the crime for which extradition was granted, or that he was in that State on the date of the alleged commission of such crime, or was a fugitive from justice, a writ of habeas corpus was allowed at Special Term. The respondent returned that he held the relator under a rendition warrant, reciting that " Philip Teitelbaum, otherwise called Philip Silbert, stands charged in the county of Suffolk, Commonwealth of Massachusetts, with the crime of larceny of money over one hundred dollars in value, and has fled therefrom and taken refuge in the State of New York, and requiring and commanding that the said Philip Teitelbaum, otherwise called Philip Silbert, be arrested and secured wherever he may be found within the State and thereafter and after compliance with the requirements of section 827 of the Code of Criminal Procedure, to deliver him into the custody of Thomas M. Towle, the agent

duly authorized to receive him into custody and convey him back to the Commonwealth of Massachusetts." A copy of the rendition warrant was annexed to the return.

The relator traversed the return, denying that he was the individual named in the warrant of extradition; that he was or ever had been a fugitive from Massachusetts or that he ever committed a larceny from any one in Massachusetts. Later in the proceeding the traverse was amended by including a specific denial that the relator was in the State of Massachusetts on the 29th day of May, 1917, or on that day left the State of Massachusetts and became a fugitive from that State, or on that day committed any crime of larceny in that State. For the purpose of fixing the date upon which the alleged larceny was committed, the court received a copy of the indictment against " Philip Titelbaum " in evidence without objection, and, after denying the relator's motion that before he offered any proof the district attorney be compelled to offer proof of identification that he was the identical person wanted in the State of Massachusetts under the name of Philip Titelbaum or Philip Silbert, proceeded to take the evidence presented by the respective parties, after which the order appealed from was made. The relator contends that upon the filing of his traverse it became incumbent upon the district attorney to assume the affirmative on the issues, and offer evidence in support of the facts set up in the return, and that the burden of proof rested upon the demanding State to establish its claim that the relator was the person named in the rendition warrant, and that it was error to deny his motion to compel the respondent to assume the burden of proof. I do not so understand the law. The identity of the name of the relator with the name of the person named in the rendition warrant raised the presumption that the persons were the same, as we held in People ex rel. Epstein v. Patton (177 App. Div. 933), and as has been uniformly held by the courts in the many authorities to which our attention is directed in the brief of the

respondent. The traverse, which is a pleading, raised an issue of fact to be determined by the court, as to the preponderance of evidence (People ex rel. Genna v. McLaughlin, 145 App. Div. 513), with the burden on the relator. It was for the Special Term to determine the weight of the evidence and credibility of the witnesses, and I think that his conclusion that upon the whole evidence the relator had failed to overcome the presumptive *prima facie* case, made out by the rendition warrant, that he was the fugitive from justice, was justified and should be sustained. The demand of the Commonwealth of Massachusetts for relator's extradition should be honored, it not having been made to appear clearly that he is not the person so demanded. (People ex rel. Edelstein v. Warden of City Prison, 154 App. Div. 261.) Habeas corpus is not the proper proceeding to try the question of the relator's guilt or innocence of the crime charged, the proceeding being limited to the determination of whether the person held in custody is or is not a fugitive from justice as charged, and unless it is made to satisfactorily appear that he is not, he should not be discharged from custody. (McNichols v. Pease, 207 U. S. 100, 112.)

It is further contended that it was error for the learned Special Term to permit evidence of a former conviction. The fact that the relator had, prior to the trial in the case at bar, served a term in prison, was first brought out on the cross-examination of relator's witness Goldberg, without objection. In answer to the question of the district attorney, "Did you miss him for a long time?" the witness answered, "I missed him a couple of years. He was in prison." Later, when the respondent was on the stand, he was asked by the district attorney, "When was the last time you saw him before you arrested him this time? A. June, 1914. Q. Where? A. I brought the defendant, Philip Titelbaum, from the office of the Auburn prison June 23, 1914, under an indictment for robbery." The relator did not object until after the witness

had fully answered the question, and then the court expressly limited the effect of the testimony objected to, to identity. I regard the evidence competent for the limited purpose for which it was received, but in any event it could have had no appreciable or prejudicial influence upon the court in determining the question before him, and it is, therefore, our duty to disregard it. (Code Crim. Pro., § 542.)

The remaining exceptions argued do not present reversible error, and the order must be affirmed.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred.

Order affirmed.