THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE HARRIS, Relator, *v.* WARDEN OF THE CITY PRISON, NEW YORK CITY, Respondent.

Supreme Court, Special Term, New York County, April 7, 1936.

*Fred D. Kaplan,* for the relator.

*William Copeland Dodge, District Attorney [Edwin J. Talley, Assistant District Attorney,* of counsel], for the respondent.

BLACK, J. Relator, George Harris, seeks by writ of habeas corpus to avoid extradition to the county of Hennepin, State of Minnesota, where he is charged with grand larceny. The district attorney, representing the warden of the city prison, the respondent, offered in evidence at the hearing the warrant of the Governor of New York directing that Harris be arrested and delivered to the agent of the Governor of Minnesota, Mr. Thure. There was also submitted the requisition and demand of the Governor of Minnesota for Harris' extradition, a certified copy of the indictment, copies of the affidavits and warrant. There was an affidavit of R. S. Gimbert, a hotel employee, who swore that on July 13, 1933, relator registered at the Hotel Leamington, Minneapolis, Minn., and on the hearing the said Gimbert testified that that was a typographical error and that the records showed that he registered there on July 15, 1933, and not July 13, 1933. There was submitted on the hearing before me deposit checks and receipts for certain packages deposited by Harris and received by him in said hotel. The signature of Harris on these deposit checks and receipts was very similar to the specimen signatures in pencil and in ink given by Harris at the habeas corpus hearing before me. The People made out a *prima facie* case by the introduction of the return to the writ, the warrant of the Governor of New York and the requisition and authorization of the Governor of Minnesota.

Relator swore at the hearing before me that he was never in Minneapolis, where the larceny was charged to have been committed. In answer to this Gimbert swore that the records of his hotel showed that Harris registered at the Hotel Leamington on the day of the crime and that he had turned over the registration card to the district attorney's office in Minnesota and that he had been told it had been lost. Upon being questioned by the court Harris was unable to state where he was on the day of the crime. Gimbert swore that Harris was the signer of the depositor's checks covering the packages in the hotel on that date.

There was no traverse of the return to the writ and the burden still rests upon the relator to show that he was not in the demanding State when the crime was committed. He failed to sustain this burden and his testimony is not regarded by the court as credible.

The picture in the affidavit from Minnesota corresponds exactly to the relator.

The cases submitted by the People are unanimous to the effect that the affidavit, which is the basis of the warrant of the Governor of Minnesota, is admissible in extradition cases.

The Court of Appeals unanimously held in a memorandum opinion in *People ex rel. Fong* v. *Honeck* (253 N. Y. 536), as follows: " In each proceeding order of the Appellate Division reversed and these of the Special Term affirmed, without costs, on the ground that the relator has not conclusively established that he was not present in the demanding state at the time of the commission of the crime. (*People ex rel. Gottschalk* v. *Brown,* 237 N. Y. 483, 486; *Biddinger* v. *Commissioner of Police,* 245 U. S. 128; no opinion.)"

In *People ex rel. Gottschalk* v. *Brown (supra)* the court held (at p. 488): " The *prima facie* authority to arrest and deliver the accused based upon the governor's warrant has not been overcome by the evidence adduced at the hearing, and the writ of habeas corpus should have been dismissed."

In *Ex parte Montgomery* (244 Fed. 967) the court said (at p. 971): " We are not here concerned whether or not Montgomery committed any criminal act in the State of Pennsylvania or whether he was in fact a co-conspirator. These are questions which can only be determined upon the trial. (*Munsey* v. *Clough,* 196 U. S. 364; 25 Sup. Ct. 282; 49 L. Ed. 515; *In re Strauss,* 197 U. S. 324; 25 Sup. Ct. 535; 49 L. Ed. 774.) Whether Montgomery is innocent or guilty must be heard in the court where he is charged with the crime. He is now demanded by Pennsylvania under an indictment filed in one of its counties which sufficiently charges him with a crime. The courts have repeatedly stated that the warrant of the Governor establishes a *prima facie* case that the arrest and direction for surrender are lawful and valid. The burden is upon the prisoner to show that he is not in fact a fugitive from justice, and that burden requires evidence which is practically conclusive. (*Hyatt* v. *Corkran,* 188 U. S. 691; 23 Sup. Ct. 456; 47 L. Ed. 657; *McNichols* v. *Pease,* 207 U. S. 100; 28 Sup. Ct. 58; 52 L. Ed. 121.) "

The above case was affirmed by the United States Supreme Court (*per curiam* decision, as reported in 246 U. S. 656) reading as follows: " No. 799. George F. Montgomery, Appellant, v. Arthur Woods, Police Commissioner of the City of New York. Appeal from the District Court of the United States for the Southern

District of New York. Argued April 19, 1918. Decided April 22, 1918. *Per Curiam.* Judgment affirmed with costs upon the authority of (1) *Munsey* v. *Clough,* 196 U. S. 364, 373–374; *Appleyard* v. *Massachusetts,* 203 U. S. 222; *McNichols* v. *Pease,* 207 U. S. 100; *Biddinger* v. *Commissioner of Police,* 245 U. S. 128; (2) *Munsey* v. *Clough,* 196 U. S. 364, 373; *Pierce* v. *Creecy,* 210 U. S. 387, 401, 402, 404–405; *Drew* v. *Thaw,* 235 U. S. 432, 439–440."

In *People ex rel. Hamilton* v. *Police Commissioner of City of New York* (100 App. Div. 483) the court said (at p. 485): " It seems to be well settled that the warrant of a Governor of a State authorizing the rendition of a person charged with an offense against the laws of a sister State is *prima facie* evidence that all essential legal prerequisites have been observed, and if the proceedings, when produced, appear to be regular, such presumption becomes conclusive evidence of the right to extradite the person charged with the offense. (*Davis's Case,* 122 Mass. 324.) "

In *People ex rel. Whitfield* v. *Enright* (117 Misc. 448) the court said (at p. 452): " The only questions before the court are whether the relator is unlawfully deprived of his liberty, and whether the governor of this State in honoring the demand of the foreign State has acted without authority of law. It is not enough for the relator to show that the indictment is defective under the laws of this State; he is bound to overcome the presumption that the governors of the two States have performed their duties under the laws of the United States. (*People ex rel. Marshall* v. *Moore,* 167 App. Div. 478.)

" Upon petition by a person charged with being a fugitive from justice for a writ of habeas corpus, the identity of the name of such person with the name of the person named in the rendition warrant raises a presumption that the persons are the same. (*People ex rel. Teitelbaum* v. *Ryan,* 181 App. Div. 404.)

" The proceeding is a summary one, to be kept within narrow bounds. When the extradition papers required by statute are in the proper form, the only evidence sanctioned by the United States Supreme Court as admissible is such as tends to prove that the accused was not in the demanding State at the time the crime is alleged to have been committed. (*Biddinger* v. *Commissioner of Police of City of New York,* 245 U. S. 128, 135.) " (See, also, *Ex parte Hall,* 104 Tex. Crim. Rep. 403; 284 S. W. 550; *Ex parte Carroll,* 86 Tex. Crim. Rep. 301; 217 S. W. 382; *Ellison* v. *Splain,* 261 Fed. 247. See *Ex parte Germain,* 258 Mass. 289; 155 N. E. 12, reported in 51 A. L. R. 789.)

The head notes in *United States ex rel. Austin* v. *Williams* (6 F. [2d] 13) read: " 1. Habeas corpus — 85 (2) — Governor's warrant *prima facie* evidence of facts recited.

" In habeas corpus proceedings by one sought to be extradited to another State, the warrant of the Governor of the asylum State is *prima facie* evidence of all that is therein recited, including the identity of the relator, the fact that he is properly charged with crime in the demanding State, and the fact that he is a fugitive from the justice of that State.

" 2. Habeas corpus — 85 (2) — Criminal law — 662 (2) — In habeas corpus proceeding, affidavits may be used as evidence against relator.

"A habeas corpus proceeding by one under arrest for rendition to another state is civil, and not criminal, and relator is not entitled to be confronted with the witnesses against him, but affidavits may be used as evidence.

" 3. Habeas corpus — 45 (2) — Accused should not be discharged on habeas corpus, except when absolutely necessary to protect his legal rights.

" An accused, held for rendition to another State as a fugitive from justice, should not be discharged on habeas corpus by a Federal court, except where absolutely necessary to protect his legal and constitutional rights, and upon evidence practically conclusive.

" 4. Extradition — 22 — Constitutional provision for interstate extradition to be liberally construed.

" The constitutional provision for interstate extradition should be construed liberally to effect its purpose.

" 5. Habeas corpus — 85 (2) — Governor's warrant conclusive on disputed facts.

" Where there is contradictory evidence on the question whether accused was in the State of the alleged crime when it was committed, the finding of the Governor of the rendering State, as evidenced by his issuance of a warrant, will be taken as conclusive in habeas corpus proceedings."

The question raised of whether the identity of the name of the person charged with being a fugitive from justice, with the name of the person in the rendition warrant, raises a presumption that the persons are the same was definitely decided in *People ex rel. Teitelbaum* v. *Ryan* (181 App. Div. 404) where the court said (at p. 406): " The relator contends that upon the filing of his traverse it became incumbent upon the district attorney to assume the affirmative on the issues, and offer evidence in support of the facts set up in the return, and that the burden of proof

rested upon the demanding State to establish its claim that the relator was the person named in the rendition warrant, and that it was error to deny his motion to compel the respondent to assume the burden of proof. I do not so understand the law. The identity of name of the relator with the name of the person named in the rendition warrant raised the presumption that the persons were the same, as we held in *People ex rel. Epstein* v. *Patton* (177 App. Div. 933), and as has been uniformly held by the courts in the many authorities to which our attention is directed in the brief of the respondent. The traverse, which is a pleading, raised an issue of fact to be determined by the court as to the preponderance of evidence (*People ex rel. Genna* v. *McLaughlin*, 145 App. Div. 513), with the burden on the relator. It was for the Special Term to determine the weight of the evidence and credibility of the witnesses, and I think that his conclusion that upon the whole evidence the relator had failed to overcome the presumptive *prima facie* case, made out by the rendition warrant, that he was the fugitive from justice, was justified and should be sustained. The demand of the Commonwealth of Massachusetts for the relator's extradition should be honored, it not having been made to appear clearly that he is not the person so demanded. (*People ex rel. Edelstein* v. *Warden of City Prison*, 154 App. Div. 261.) Habeas corpus is not the proper proceeding to try the question of the relator's guilt or innocence of the crime charged, the proceeding being limited to the determination of whether the person held in custody is or is not a fugitive from justice as charged, and unless it is made to satisfactorily appear that he is not, he should not be discharged from custody. (*McNichols* v. *Pease*, 207 U. S. 100, 112.)"

There was before the Governor of the State of New York and before this court ample evidence that the defendant was substantially charged with a crime in the demanding State and that he was in the demanding State of Minnesota at the time the crime was committed, and that he fled that jurisdiction. Certainly now, when crime is organized as never before, is no time to give the criminal the benefit of every contested point to the injustice of a State that seeks to protect its citizens by prosecuting criminals, especially those with as fat records of convictions as belong to the relator.

It is high time that the right of extradition provided in the Constitution and statutes of the United States be enforced instead of being left to the discretion of the Governor of the State, where the fugitive is found, to say whether or not he shall be returned to the State where the crime was committed. The Governor of New York has ordered the return of the relator to Minnesota, and this

court will not interfere with his decision. Although both the Constitution and the laws of the United States make extradition mandatory, after proper formalities, the question is finally settled as a matter of courtesy, and the Governor of the State where the fugitive is found may refuse, and at least one Governor has refused, to extradite. The prosecution of crime should be beyond the exercise of any such discretion on the part of the Governor, and should not be relegated to so-called courtesy. The war on crime should go beyond the courtesy stage.

I take the liberty of referring to the third edition of Black on How to Conduct a Criminal Case, pages 75 and 76, to the same effect as this decision.

The writ of relator is dismissed and he is remanded to the custody of the police commissioner of New York city, to be surrendered to the duly authorized agent designated by the Governor of Minnesota to receive him.