291 P.2d 795

Ex parte FREEMAN.

William R. FREEMAN, Appellant,

v.

L. C. BOIES, Sheriff of Maricopa County, Arizona, Appellee.

No. 6000.

Supreme Court of Arizona.

Dec. 20, 1955.

Flynn, Van Haren & Stewart, Phoenix, for appellant.

Robert Morrison, Atty. Gen., and Gordon Aldrich, Asst. Atty. Gen., of Phoenix, for appellee.

UDALL, Justice.

This proceeding presents an appeal from an order of the Superior Court denying the discharge of William R. Freeman, petitioner-appellant (hereinafter referred to as appellant), after a hearing on a writ of habeas corpus. From the *response* of Sheriff Boies, in his return to the writ, it appears that he was holding appellant as a fugitive, pursuant to a warrant issued by the Honorable Howard Pyle as Governor of the State of Arizona, granting extradition of appellant to the State of New Mexico.

The proceedings leading up to this appeal are as follows: Governor Mecham of New Mexico had theretofore demanded rendition of one William R. Freeman, as a fugitive from prosecution based upon a criminal complaint charging said person with the issuance of a fraudulent check drawn on the Mimbres Valley Bank of Deming, New Mexico. The Governor of Arizona, acting under the provisions of Section 44–3607, A.C.A.1939, called upon the Attorney General of Arizona "* * * to investigate * * * the demand, and to report to him * * * whether he ought to be surrender-

ed." The matter was referred to William T. Birmingham, as assistant to the Attorney General, who on April 20, 1954, conducted a hearing at which (from the minutes now before us) a person designated as *William R. Freeman, Accused,* appeared and was sworn, but on advice of counsel claimed his constitutional privilege and declined to testify. However, appellant's attorney thereafter did make the following statement to the Governor's representative:

"I have no objection to waiving the privilege for limited purposes requiring them to any agreement that she may have had with Mr. Ruebush (the complaining witness). In fact, I am perfectly willing to let you examine the entire transaction in relation to the bank and under oath and *Mr. Freeman, who is employed by that bank, is familiar with their records.*" (Emphasis and insert supplied)

Apparently the Governor was advised by the Attorney General to grant the extradition because we find from the record that on the same day the chief executive signed "Governor's warrant on extradition" in which it is recited, inter alia:

"* * * that the said person in custody is the identical person named in the request for extradition, to wit: William R. Freeman, and it appears that he ought to be surrendered."

The next day appellant, William R. Freeman, filed a petition for a writ of habeas corpus alleging some five grounds why his

imprisonment and restraint were illegal. Number two thereof—which is the only one we are here concerned with—reads:

"That there has been no showing at any time that the said William R. Freeman, for which said Governor's warrant has been issued, is the William R. Freeman which is in custody pursuant to said warrant or any showing that petitioner has ever been in the State of New Mexico."

A writ of habeas corpus was promptly issued, and a hearing was later held at which (according to the minutes) William R. Freeman and his daughter Janice Freeman were both sworn and testified. No transcript of this hearing is before us, but according to a stipulation, approved by the court, the hearing "was lacking in evidence that he (appellant) is the same person named in the extradition proceedings." The trial court after taking the matter under advisement entered an order denying release of appellant and in effect quashed the writ. This appeal followed.

■ Appellant presents but two assignments of error and two propositions of law. The narrow question raised is neatly summarized in his brief, viz.:

"Appellant raises no issue as to the sufficiency of the papers or as to the fugitive status of the person demanded. The sole question which Appellant raises is the total failure in all proceedings to establish that the Petitioner is the person charged and demanded in the State of New Mexico."

He now contends that in the extradition proceedings before the Governor or his representative, and in the subsequent habeas corpus proceedings, the state had the burden—which it allegedly failed to sustain—of affirmatively establishing the identity of the accused with the person named in the requisition papers even though such matter was not made an issue in either of said hearings. In effect William R. Freeman is now saying: "Regardless of whether or not I am the man thus named in the extradition papers, the state has not *proved* I am that man, hence I should be discharged." The authorities presented in support of this wholly untenable argument are either not in point or readily distinguishable. Particularly we hold the provisions of Section 44-3618, A.C.A.1939, have no application herein but only apply where the accused is brought before a judge or magistrate prior to action by the Governor.

■ The Attorney General maintains that while the issue of identity was never raised by appellant at any time, in any event there are two presumptions operating in the state's favor to establish a prima facie case of identity, viz.: (1) the recital as to identity found in the Governor's warrant, supra, and (2) the identity of name. Hence if it were incumbent upon the state to establish affirmatively that the accused was the identical person named in the extradition papers, such was here accomplished by the making of a prima facie case of identity. With this we agree. On this question of proof of

identity of accused in extradition matters we find the reported cases and text statements fully support the state's contentions.

It is a rule universally recognized that:

"The question of the identity of the person held for extradition under a warrant issued by the governor of the asylum state, with the person described as the alleged fugitive in such warrant and the requisition papers, is always open to inquiry upon habeas corpus, since such question is simply whether the warrant has been executed against the party named therein." 25 Am.Jur., Habeas Corpus, Sec. 70. See also 22 Am.Jur., Extradition, Sec. 20.

It is further held:

"* * * the making of a prima facie case by the state places the burden of meeting and overcoming such case upon the accused. Such a prima facie case is made out by showing the identity of the name of the relator or accused with that of the person named in the rendition warrant. Likewise, the rendition warrant is prima facie evidence that the person in custody is the person charged with crime in the demanding state. * * *." 22 Am.Jur., Extradition, Sec. 50.

See, Annotation 84 A.L.R. page 341 (III. Presumption and burden of proof of identity). Cf., Ex parte Riccardi, 68 Ariz. 180, 203 P.2d 627, where a presumption arising from the extradition warrant that accused was a fugitive, was invoked.

"Although it has been held that the identity of the person taken in custody with the person who is claimed as a fugitive from justice must be clearly established (where such identity is put in issue), it is generally held that the burden of going forward with the evidence shifts to the prisoner where a prima facie case of identity is made out, *as by the presumption arising from identity of names*." (Emphasis and insert supplied). 39 C.J.S., Habeas Corpus § 39 a (2), page 552. Cf. 29 C.J., page 72; State ex rel. Grande v. Bates, 101 Minn. 303, 112 N.W. 260.

"It would seem that although the governor of the asylum state is not required to hear the accused before issuing the warrant for his arrest, (citing cases) he may do so, and *his warrant is prima facie evidence of all that is therein recited, including the identity of the relator,* on a subsequent writ of habeas corpus." (Emphasis supplied.) Annotation: "Extradition—Identification of Accused—By the governor." 84 A.L.R. 340.

See, also, In re Acton, 90 Ohio App. 100, 103 N.E.2d 577.

■ An application of these legal principles to the record in the instant case demonstrates how shallow the appellant's contentions really are. The accused appeared before the Governor's representative and decided not to testify because it might incriminate him. If, as now impliedly con-

tended, he is not the man the state of New Mexico is seeking to extradite, it is difficult to understand how he could have incriminated himself. At this same hearing his attorney admitted appellant had been employed by the Mimbres Valley Bank (on which the check in question was drawn) and was familiar with their records—a strange admission from a man who now argues that he is not the man they are referring to. It is to be noted that William R. Freeman, in his verified petition for a writ of habeas corpus, painstakingly avoided a forthright allegation (which probably would have subjected him to a perjury charge) that he was not the man named in the extradition papers. Instead he carefully limited the phraseology to the evasive claim that there was no affirmative showing to this effect. It is small wonder that the trial court denied him a discharge on habeas corpus, but it does seem to be a travesty on the functioning of Arizona justice that the accused in a habeas corpus proceeding—which under all of the rules should be disposed of quickly —could avoid extradition for nearly twenty months on such a flimsy pretext. In the meantime he has been at liberty without bail—released upon his own recognizance.

Order affirmed.

LA PRADE, C. J., and WINDES and PHELPS, JJ., concur.

STRUCKMEYER, J., concurs in the result.