George Beisheim, Jr., J.
This matter is before the court upon the writ of habeas corpus granted to the relators, who are each held upon a Governor’s warrant of extradition to the State of Florida and who seek their discharge by the instant writ. The charge in Florida is alleged to be “ armed robbery ’ ’ committed in the County of Broward in the State of Florida on February 16,1969.
Inasmuch as the relators admit that they were in the State of Florida on the date of the alleged crime and do not question-their identity as to being the alleged fugitives charged with said crime, the record and papers before this court would seem to be in compliance with the prerequisites necessary to sustain a warrant of extradition as prescribed in People ex rel. Higley v. Millspaw (281 N. Y. 441, 445) and would indicate that the writ should be dismissed except for the recent decisions of Kirkland v. Preston (385 F. 2d 670) and People v. Artis (32 A D 2d 554).
The relators challenge the sufficiency of the papers upon the ground that the affidavit sworn to before the Magistrate presiding in the Florida court was made by a police officer, Lt. Donald Dalziel, in which there was no indication that the facts of the alleged crime were personally known to said deponent and, furthermore, that the affidavit was conclusory in form and contained none of the facts upon which the armed robbery charge was based.
*1057 The court feels that the case at bar falls within the decision People v. Artis (supra). The Artis case, apparently adopting the rule of Kirkland v. Preston (supra) holds that developments in constitutional law since Wolf v. Colorado (338 U. S. 25) and Mapp v. Ohio (367 U. S. 643) have made the Fourth Amendment applicable to a habeas corpus proceeding challenging a warrant of extradition and the requirement of probable cause in “ in-State ” cases (People v. James, 4 N Y 2d 482, 485; People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 392) equally applicable to a warrant of arrest in an extradition case.
Superficially, the Artis decision appears to be contrary to the memorandum decision in People ex rel. Hinckley v. Tutuska (20 N Y 2d 684) where a denial of a writ of habeas corpus in an extradition proceeding was unanimously affirmed, and where in the brief of his counsel the relator-appellant had advanced legal arguments similar to the holding subsequently adopted by the Appellate Division, Second Department, in the Artis case. The Hinckley case was decided before the Kirkland case, but despite that fact, if the Hinckley case cannot be distinguished from the Artis case, this court would be placed in the unhappy situation of disagreeing with 1 ‘ its own ’ ’ Appellate Division. This court believes, however, that Hinckley and Artis are distinguishable. The affirmation in Hinckley was sworn to by the “ principal complaining witness ” (the alleged victim) who had personal knowledge of the acts constituting the alleged crimes. In Artis, as in the case at bar, the affiant was a police officer whose affidavit was not made upon such personal knowledge.
Accordingly, this court directs a further hearing be held on July 10, 1969, at 2:15 p.m., at which time the court will consider such supplemental proof as the demanding State may submit, if any, upon the question whether there is probable cause for the issuance of a warrant.
The aforesaid constitutes the decision and order on the motion.
The District Attorney is directed to serve a copy of this decision and order, with notice of entry, upon defendant’s counsel.