■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK GATTO, Appellant, v. DISTRICT ATTORNEY OF RICHMOND COUNTY, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Richmond County, entered December 20, 1968, which dismissed the writ, found the extradition warrant of the Governor of the State of New York, dated November 29, 1968, to be a good and valid one, and directed that relator be surrendered to a stated authorized agent of the demanding State. Judgment reversed, on the law and the facts, without costs, writ sustained, relator directed to be released from custody, and relator's bail exonerated. Relator was charged in a criminal complaint sworn to in Clark County, Nevada, with drawing and passing two checks with insufficient funds on deposit in the drawee bank, in violation of section 205.130 of the Nevada Revised Statutes. That section in effect creates a rebuttable presumption of an intent to defraud by the drawing of checks which are returned for insufficient funds and not made good within 10 days. Respondent concedes that the Governor's extradition warrant was improperly issued as it was not supported by a complainant's affidavit made before a magistrate. He asserts, however, that the defect was cured by the complainant's testimony at the hearing herein. It was the duty of respondent to establish probable cause, on an " in-state " basis, that relator had committed the crime charged (*People* v. *Artis,* 32 A D 2d 554; *Kirkland* v. *Preston,* 385 F. 2d 670). He did not sustain this burden. The Nevada criminal complaint charged that relator had drawn and passed two specified checks in the total sum of $350, drawn on the bank account of himself and Mrs. Marie Gatto which had insufficient funds to support the checks. The proof established that relator did not commit the crime with which he was charged. The complainant, who was later paid in full, testified that relator had issued two checks to him, both of which were business checks, one drawn on VIP Tailor Supply and the other on East Charlston Cleaners. As there was no showing of probable cause that relator had committed the crime with which he was charged, the writ should have been

sustained. Benjamin, Martuscello and Kleinfeld, JJ., concur; Rabin, Acting P. J., and Munder, J., dissent and vote to affirm the judgment.