No. 24532.

RORY B. HITHE *v.* WILLIAM R. NELSON, WARDEN AND
SHERIFF OF THE COUNTY JAIL, AND WILLIAM L. KOCH,
MANAGER OF SAFETY AND EX OFFICIO SHERIFF OF THE CITY
AND COUNTY OF DENVER.

(471 P.2d 596)

Decided June 22, 1970. Rehearing denied July 13, 1970.

GERASH and KAISER, WALTER L. GERASH, LEONARD E. DAVIES, RUDOLPH SCHWARE, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, GEORGE E. DeROOS, Assistant, JAMES D. McKEVITT, District Attorney, GREGORY A. MUELLER, Assistant, PATRICIA W. BRITTAIN, Deputy, for defendants in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

THE plaintiff in error, Rory B. Hithe, petitioned the district court for a writ of habeas corpus alleging he was

being unlawfully detained in custody as a fugitive from the State of Connecticut. The defendants in error will be referred to as respondents. The petitioner had refused to waive extradition to Connecticut where he is charged with several crimes, including kidnapping and murder. Necessary requisition documents were filed in the district court. After hearing, the petition was denied and the trial court ordered the petitioner remanded to custody for rendition to the State of Connecticut.

A similar hearing was held on another date and in another court on the petition of Landon R. Williams, who was taken into custody with petitioner Hithe as a fugitive from the State of Connecticut, having been charged with the same crimes as petitioner Hithe. Both cases were consolidated for the purpose of oral argument in this court because of substantially similar and parallel assignments of error. See *Williams v. Nelson,* 172 Colo. 176, 471 P.2d 600.

 Reversal of the district court's judgment is urged on the basis of several alleged errors and violations of the petitioner's constitutional rights during the course of the hearing. We find that none of the actions of the district court violated any constitutional rights of the petitioner nor did any of its rulings involve reversible error. Accordingly, we affirm the district court's judgment.

I.

 Because of the presence in the courtroom at the time of the hearing of a number of armed police officers and sheriff's guards, the petitioner moved for a continuance because of this alleged coercive environment. The district judge denied the motion and the petitioner now claims that in denying this motion and permitting the hearing to proceed, the district judge violated the petitioner's constitutional rights to a fair hearing; especially, since the judge as the fact finder may have been intimidated by this show of force. In denying the motion, the district judge clearly indicated that he was in no

way intimidated by the security measures in effect at the time of the hearing. The record fails to lend any support to the petitioner's argument, and the cases cited by petitioner are clearly inapplicable. They all deal with pretrial and trial publicity and its effect on a jury in a criminal trial.

II.

The petitioner contends that the district judge erred when he granted a motion for protective orders against the taking of depositions by petitioner of the Governor of Colorado and certain other individuals named in the requisition documents from the State of Connecticut. He also alleges error was committed when the district judge denied several motions for a continuance made at or about the day of the hearing for the purpose of taking depositions and securing the attendance of a witness for the petitioner.

A habeas corpus proceeding is a civil action. *Barrett v. People,* 136 Colo. 144, 315 P.2d 192. Its sole purpose is the determination by the court of whether a person is lawfully in custody. *North v. Koch,* 169 Colo. 508, 457 P.2d 915; *Buhler v. People,* 151 Colo. 345, 377 P.2d 748; *Oates v. People,* 136 Colo. 208, 315 P.2d 196. The Colorado Rules of Civil Procedure are not applicable to special statutory proceedings insofar as they are inconsistent with the applicable statute pertaining to the special statutory proceeding. C.R.C.P.81(a). Habeas corpus is a special statutory proceeding. C.R.S. 1963, Chapter 65, Article 1. *Wright v. Tinsley,* 148 Colo. 258, 365 P.2d 691. In our view, a petitioner for a writ of habeas corpus does not have an unrestricted and unmodified right to discovery as provided in our Colorado Rules of Civil Procedure. Unless it is clearly shown that the matters sought to be discovered will be relevant to the very narrow issue of a habeas corpus hearing, it should not be authorized.

While C.R.C.P. 30 allows the taking of the "deposition of any person," we are of the view that a court in a habeas corpus matter may properly restrict the taking

of a deposition where its use relates not to the narrow issues of habeas corpus, but to broad range issues not relevant in a habeas corpus determination. The unrestricted use of discovery is ill-suited to the special problems and character of habeas corpus proceedings, such as we encounter in this case; especially, where the scope of inquiry is limited to a determination of whether or not the petitioner was substantially charged with a crime in the requesting state — a matter of law — and whether or not he is the fugitive. See *Harris v. Nelson*, 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed. 281. That case contains an excellent discussion of the federal rules of discovery in relation to habeas corpus. Essentially, *Harris* stands for the proposition that the federal rules of civil procedure on discovery are not applicable in habeas corpus proceedings. In appropriate circumstances, however, it is suggested that a federal district court when confronted with a petition for writ of habeas corpus, which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures reasonably fashioned to elicit facts necessary to help the court dispose of the matter as law and justice may require. No proper showing was made to indicate in any way how the requested depositions would benefit the court in determining the narrow issues before it in this habeas corpus proceeding.

We therefore hold that the trial court did not commit error in granting the motion for protective orders against the taking of the various depositions requested. Nor did the court commit error in denying the motions for continuance to take such depositions. We note that these motions of the petitioner, including the motion for a continuance to permit the attendance of a witness, were untimely as being made at or about the time of the scheduled hearing.

III.

In his petition for writ of habeas corpus, the petitioner alleged that he was not the person named and demanded in the extradition documents. The district court applied

the majority rule that identity of name with the extradition documents is sufficient to establish a prima facie showing of identity; and, that unless overcome by petitioner's evidence showing lack of identity, the prima facie showing is sufficient to establish identity.

The petitioner took the position at the hearing that when identity was put in issue, it then became the burden of the respondent to prove identity by proper testimony and evidence and that the trial court erred in placing any burden upon the petitioner to go forward on the issue of identity to overcome the prima facie showing of identity. In placing any burden on the petitioner on the issue of identity, it is asserted that the district court violated the petitioner's constitutional right against self-incrimination. We do not agree with this assertion and we hold that the district court's procedure in this matter was correct.

■ The majority rule is that a person being held for extradition has the burden of going forward to prove that he is not the person sought when there is an identity of names involved between the person in custody and the extradition documents.

The following statement in *Ex parte Freeman*, 80 Ariz. 21, 291 P.2d 795, expresses what has been denominated as the universally recognized rule:

". . . the making of a prima facie case by the state places the burden of meeting and overcoming such case upon the accused. Such a prima facie is made out by showing the identity of the name of the relator or accused with that of the person named in the rendition warrant. Likewise the rendition warrant is prima facie evidence that the person in custody is the person charged with crime in the demanding state. . . ."

For additional authority to the same effect, see *Smith. v. United States*, 92 F.2d 460; *Ex parte Shirley*, 164 Tex. Cr. App. 447, 299 S.W.2d 701; *Ex parte Kaufman*, 168 Tex. Cr. App. 55, 323 S.W.2d 48; *Wong v. Esola*, 6 F.2d 828; *People v. Lynch*, 16 Ill.2d 380, 158 N.E.2d 60; *Bayless v. United States*, 381 F.2d 67; *Chew v. Boyd*, 309 F.2d 857.

The petitioner cites *Commonwealth v. Davis,* 425 Pa. 133, 288 A.2d 742 and *Commonwealth v. Hendrick,* 434 Pa. 175, 253 A.2d 95 as authority for the contrary view that when identity is raised as an issue in the petition for a writ of habeas corpus, the state must then go forward and prove identity. Suffice it to say, we do not agree with the holdings of these cases and are of the view that the majority rule as expressed in *Ex parte Freeman, supra,* is the proper and reasonable rule to apply.

We therefore hold that the court did not err in refusing to compel the respondents to present testimony and evidence to establish that the petitioner was identical with the person named in the extradition documents. By showing an identity of names between the petitioner and the person named in the extradition documents, the respondents established a prima facie case of identity and the burden then shifted to the petitioner to go forward and show non-identity as he alleged in his petition.

IV.

Next, the petitioner argues that the district court erred in finding probable cause in the supporting affidavit, one of the requisition documents received from the State of Connecticut. The petitioner contends that this affidavit did not conform to the Fourth Amendment requirements inasmuch as it did not show probable cause that the petitioner committed any crime.

In this jurisdiction, when extradition proceedings are based upon an information, it is required that an accompanying affidavit establishes and shows something approaching probable cause. In *Henry v. McArthur,* 122 Colo. 474, 223 P.2d 621, we held that the information must be accompanied by an affidavit made before a magistrate and that:

". . . This affidavit should set forth the facts and circumstances relied upon for proof of the crime, and be under the oath or affirmation of some person familiar with the facts sufficient to justify the testimony as to their truth-

fulness, and such affidavit is to be made before a magistrate. . . ."

Compare *Kirkland v. Preston,* 385 F.2d 670; *People v. Artis,* 32 App. Div. 2d 554, 300 N.Y.S. 2d 208; *People ex rel. Porzio v. Wright,* 59 Misc. 2d 1056, 301 N.Y.S. 2d 668; *People ex rel. Gatto v. District Attorney of Richmond County,* 32 App. Div. 2d 1053, 303 N.Y.S. 2d 726.

To make a showing of probable cause, there must be more than a bare-faced allegation that a crime has been committed or that a named person committed the crime. Some of the underlying facts and circumstances must be set forth. *Hernandez v. People,* 153 Colo. 316, 385 P.2d 996; *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed 1503.

The requisition documents from Connecticut involved here consisted of an information, a five-page affidavit supporting the information, and a warrant issued by a judge of the Superior Court in New Haven, Connecticut. The affidavit was very detailed and based on information and belief of a sergeant of the New Haven Police Department, and we believe it was sufficiently complete to comply with *Henry v. McArthur, supra,* and *Hernandez v. People, supra.* This affidavit, in our view, established with ample sufficiency that there was probable cause to believe that a crime or crimes had been committed and that the petitioner was involved in and charged with their commission.

V.

The petitioner lastly contends the trial court erred in ruling that the Secretary of State of Colorado did not have to personally sign or affix the seal of the State of Colorado to the Governor's warrant.

C.R.S. 1963, 131-8-3 provides:

"The Secretary of State is alone authorized to use or affix the seal of this state to any document whatever, and he only in pursuance of law. The secretary is hereby made

the custodian of the seal of the state and responsible for its safekeeping."

The petitioner contends that under the above statute, the Secretary of State personally and alone is authorized to sign and seal the Governor's warrant and that since the Deputy Secretary of State signed the Governor's warrant, it is null and void.

We do not agree. The plain meaning of the statute is that the office of the Secretary of State, as opposed to that of the Attorney General or the State Treasurer or any other state office, is alone authorized to affix the seal of the State of Colorado to any document. The act of affixing the seal is ministerial and can be delegated to a deputy.

Judgment affirmed.