Mr. Justice Hodges
delivered the opinion of the Court.
The plaintiff in error, Landon R. Williams, petitioned the district court for a writ of habeas corpus alleging he was being unlawfully detained in custody as a fugitive from the State of Connecticut. The petitioner had refused to waive extradition to Connecticut where he is charged with several crimes, including kidnapping and murder. Necessary requisition documents were filed in the district court. After hearing, the petition was denied and the trial court ordered the petitioner remanded to custody for rendition to the state of Connecticut.
Reversal of the district court’s judgment is urged on the basis of several alleged errors and violations of the petitioner’s constitutional rights during the course of the proceedings in the district court. We find that none of the actions of the district court violated any constitutional rights of the petitioner nor did any of its rulings involve reversible error. Accordingly, we affirm the district court’s judgment.
A similar hearing was held on another date and in another court on the petition of Rory B. Hithe, who was taken into custody with petitioner Williams as a fugitive from the State of Connecticut having been charged with the same crimes as petitioner Williams. This case and *178 the Hithe case were consolidated for tnc purpose of oral argument in this court because of substantially similar and parallel assignments of error. See Hithe v. Nelson, 172 Colo. 179, 471 P.2d 596.
Since the assignments of error are the same and because they emanate from circumstances which are substantially similar to those in Hithe, we will not detail or discuss them in this opinion, but rather, refer the reader to the Hithe opinion which contains a detailed discussion and resolution of the same claims of error.
 Petitioner Williams, however, alleged one additional assignment of error regarding a matter not involved in Hithe. The hearing on Williams’ petition for a writ of habeas corpus was transferred from a larger court room to a smaller courtroom, thus cutting down the attendance of at least 30 of the petitioner’s friends and relatives according to petitioner’s allegations of error. It is charged that this action by the district judge was, in effect, a denial of the petitioner’s constitutional right to a public trial and to due process.
The court room where the hearing was held was open to the public. Being filled to capacity, it was undoubtedly true that some persons were thus prevented from attending the hearing. But this did not transform it into a secret hearing. It remained in every sense a public hearing. The requirement of a public trial is fairly observed if without partiality or favoritism a reasonable portion of the public is suffered to attend. See Hampton v. People, 171 Colo. 153, 465 P.2d 394.
The allegation of error is, in our view, without merit.
Judgment affirmed.