**Joseph B. MORA, Plaintiff and Appellant,**

v.

**Delmar LARSON, Sheriff, Salt Lake County, Defendant and Respondent.**

**No. 13972.**

Supreme Court of Utah.

Sept. 25, 1975.

Jack W. Kunkler, of Salt Lake Legal Defender Assn., Salt Lake City, for plaintiff-appellant.

Vernon B. Romney, Atty. Gen., R. Paul Van Dam, Salt Lake County Atty., Donald Sawaya, Deputy Salt Lake County Atty., Salt Lake City, for defendant-respondent.

ELLETT, Justice:

One Joseph B. Mora was charged in California with the crimes of kidnapping and murder. His fingerprints were taken, and he was bound over to stand trial after a preliminary hearing. He left California, and the Governor of that State sent to the

Governor of Utah extradition papers in proper form and requested a return of Joseph B. Mora. The Governor of Utah issued a rendition warrant, and the petitioner (plaintiff) was arrested. He filed a petition for a writ of habeas corpus and appeals from the denial of his petition.

At the hearing he offered no evidence, although he claimed that he was not the Joseph B. Mora sought by the California authorities. On appeal he claims that there was no proof that he is the wanted person.

The respondent (defendant) called two men qualified in fingerprinting, and each testified positively that the prints of the wanted man which were included in the request for extradition, certified to by the Governor of California, were identical to the prints of this petitioner, whose prints were taken upon his arrest.

On appeal the petitioner claims that the burden was on the respondent to show that he was the wanted person.

The law is to the contrary. The sheriff here made a prima facie case by showing that the petitioner bore the same name as that of the wanted man. The burden then was upon the petitioner to offer proof and to convince the trier of the facts that he was not the Joseph B. Mora demanded by California.[1] In addition thereto, in extradition proceedings the Governor's rendition warrant makes a prima facie case and shifts the burden to the petitioner to show that he is not the person named therein.[2]

The judgment dismissing the petition is affirmed. No costs are awarded.

HENRIOD, C. J., and CROCKETT, TUCKETT, and MAUGHAN, JJ., concur.

---

1. *Ex parte Freeman*, 80 Ariz. 21, 291 P.2d 795 (1955).

2. *People ex rel. Mortensen v. O'Brien*, 371 Ill. 351, 20 N.E.2d 782 (1939); *People ex rel. Teitelbaum v. Ryan*, 181 App.Div. 404, 168 N.Y.S. 787 (1918); *Ex parte Quale*, 164 Tex.Cr.R. 313, 298 S.W.2d 174 (1957).