Harry Eugene TEMEN, Appellant,

v.

Bernard BARRY, Sheriff of El Paso
County, Appellee.

No. 84SA74.

Supreme Court of Colorado,
En Banc.

Dec. 17, 1984.

David F. Vela, Colo. State Public Defender, Michael A. Warren, Deputy State Public Defender, Denver, for petitioner-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter Stapp, Asst. Atty. Gen., Denver, for respondent-appellee.

ERICKSON, Chief Justice.

The appellant, Harry Eugene Temen, appeals a district court order discharging a writ of habeas corpus. We affirm.

The appellant was arrested in El Paso County, Colorado in 1983 and held for extradition to the state of Texas. He filed for a writ of habeas corpus in the El Paso County District Court. Prior to the habeas corpus hearing, appellant filed discovery motions pursuant to Crim.P. 16 requesting, *inter alia*, a list of witnesses the prosecution intended to call at the hearing. The district court denied the request.

■ The appellant claims on appeal that he was entitled to discovery under Crim.P. 16 and that the district court erred

in denying his discovery motions. We disagree. Crim.P. 54(b)(2) expressly precludes the application of the rules of criminal procedure to extradition proceedings and the rendition of fugitives.[1] The rationale behind Crim.P. 54(b)(2) is clear. Allowing full discovery in extradition proceedings would defeat the limited purpose of the habeas corpus hearing. *See, e.g., Denbow v. Williams*, 672 P.2d 1011 (Colo.1983).

Because habeas corpus is a summary proceeding unrelated to the guilt or innocence of the accused, a petitioner's right to discovery is extremely limited. *Hithe v. Nelson*, 172 Colo. 179, 471 P.2d 596 (1970). In *Hithe*, we held that a court may only authorize discovery under the rules of civil procedure if an appellant clearly shows that the information that he seeks to discover will be relevant to the very narrow issues involved in the habeas corpus hearing. 172 Colo. at 183, 471 P.2d at 598. Here, the appellant made no such showing. He did not show that the requested information was material to the narrow issues before the court, or even that the information was unavailable to him.

The trial court did not abuse its discretion in denying appellant's request for discovery. Accordingly, we affirm the trial court.

**1.** Crim.P. 54(b)(2) provides:

These Rules are not applicable to extradition and rendition of fugitives; forfeiture of property for violation of a statute or the collection of fines and penalties; nor to any other special proceedings where a statutory procedure inconsistent with these Rules is provided.