No. 21883.

Nancy L. Brown *v*. Ralph L. Brown.
(422 P.2d 634)

Decided January 23, 1967.

GEORGE T. ASHEN, for plaintiff in error.

CLARENCE A. DECKER, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

AN opinion in this case was announced on September 12, 1966, and rehearing was granted on November 21, 1966. The original opinion is withdrawn and the following is substituted in its stead.

On January 7, 1963 defendant in error, hereinafter referred to as Ralph, was granted a divorce from the plaintiff in error, hereinafter referred to as Nancy. The parties entered into an agreement concerning a division of property and custody of the children. The agreement was made a part of the divorce decree. Linda Joyce, age 15, Douglas Raymond, age 13, Sharon Jean, age 11, and Allen Dean, age 9, were placed in the custody of Nancy, their mother. Visitation rights were given to Ralph, the father. The family home was given to Nancy, and Ralph was ordered to defray the expenses

incident to her approaching confinement for delivery of a fifth child, and to pay support money for the children.

On April 9, 1965, Ralph filed a motion for change of custody of the children on the ground that changed circumstances and a course of conduct on the part of Nancy necessitated the change. By stipulation the evidence offered in support of, and in opposition to, this motion was heard by a master pursuant to R.C.P. Colo. 53. The master submitted findings in which he concluded that the motion for change of custody be denied. Objections to the master's report were filed, and the trial court held an informal conference with counsel, in which he examined the digest of the evidence prepared by the master. He thereupon reversed the recommendation of the master and ordered that the custody of the minor children be placed with Ralph. The record does not reveal any hearing or any additional testimony being offered before the trial court.

■ Nancy now seeks reversal of the trial court's decision on writ of error to this court. The sole question for our determination is:

*Did the trial court err in reversing the findings of the master?*

The answer to the question is in the affirmative. R.C.P. Colo. 53 (e) (2) provides:

"In an action to be tried without a jury the court *shall accept* the master's findings of fact *unless clearly erroneous.* \* \* \* The court, *after hearing,* may adopt the report or may modify it or may reject it in whole or in part or may receive further evidence or may recommit it with instructions." (Emphasis supplied.)

Counsel for the defendant in error and the plaintiff in error are at odds as to what constitutes a "hearing" within the meaning of R.C.P. Colo. 53 (e) (2). The so-called hearing before the trial court did not entail the taking of evidence from the parties or other witnesses. The record reveals no proceedings after the filing of the master's report other than objections to

the report and the entry of the court decree complained of. The trial court completely disregarded the master's findings and made findings on the identical evidence in the hearing before the master.

The trial court's substitution of its conclusion for the master's is erroneous in two aspects. First, on a question of fact, insofar as it depends upon conflicting testimony, credibility of witnesses, and demeanor of witnesses, the master is the only one who can reach a conclusion in this area. When there is any testimony consistent with the findings, it must be treated as unassailable except when "clearly erroneous." See *Hutchinson v. Elder*, 140 Colo. 379, 344 P.2d 1090, in which we held that the *rule* binds the district court to accept the findings of the master just as effectively as R.C.P. Colo. 52 (a) binds this court to accept findings of a trial court. The binding effect of the rule is not only to be found in the language of the rule but also in a long line of cases decided in the federal courts wherein the rule has many times been interpreted. (See federal cases cited in the *Hutchinson* decision.)

The second error of the trial court was in disregarding the provisions of rule 53 (e) (2) wherein the trial court is granted, among other alternatives, the authority to reject the master's report *after hearing*. In a similar case, *Leader Clothing Co. v. Fidelity & Casualty Co. of N.Y.*, 237 F.2d 7 (10th Cir. 1956), the master's report and findings were ignored by the trial court, and therein too the trial court did not conduct a hearing. The court of appeals held the judgment of the court rejecting the master's findings to be erroneous.

*Black's Law Dictionary*, (3d ed.) defines a "hearing" as "technically the trial of the case, including the introduction of the evidence, the argument of the solicitors, and the decree of the chancellor." "The word contemplates not only the privilege to be present when the matter is being considered but the right to present

one's contention and to support the same by proof and argument."

■ ■ The trial court did not hold a hearing within such definition, or as contemplated by the rule. Where a master has been appointed, his findings should not be disturbed merely because the trial court is of a different opinion or dissatisfied with the master's findings. *Leader Clothing Co. v. Fidelity & Casualty Co. of N.Y., supra.*

The judgment is reversed and the cause remanded to the trial court either to accept the master's report or, if it be so inclined, to hold an evidentiary hearing on the environment of the children as of this date and whether the circumstances since the hearing in 1965 are such as to warrant maintaining the status quo or changing the custody as now existing.