488 P.2d 1131 (1971)
Ruby K. SUNSHINE, Plaintiff in Error,
v.
Irwin SUNSHINE, Defendant in Error.
Nos. 71-160, 71-161, (Supreme Court Nos. 24217, 24239.)
Colorado Court of Appeals, Division I.
September 8, 1971.
*1132 Edison & Berman, Jorge E. Castillo, Denver, for plaintiff in error.
Meer & Wolf, Albert B. Wolf, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was transferred from the Supreme Court pursuant to statute.
In October of 1968 Ruby Sunshine, plaintiff, and Irwin Sunshine, defendant, were granted decrees of divorce from each other in a non-contested action.
The parties stipulated to the appointment of Thomas Morrissey as Master to hold hearing on the matter of alimony, property division and support payments pursuant to R.C.P.Colo. 53. Hearings were held and a transcript of the proceedings made. But, before the ultimate findings, conclusions and recommendations could be made, the Master took ill and was hospitalized. His son, Michael Morrissey, was appointed to assist him in the preparation of the report; however, Thomas Morrissey died before the findings and recommendations could be made.
The record contains an order appointing the son to succeed his father, and the son was ordered to review the transcript of the proceedings heard by his father and submit a final report based upon a review of the transcript and any new evidence brought to his attention. The record does not contain *1133 a stipulation for the appointment, but does show the consent of the parties to the appointment.
The Master's report was subsequently filed with the court. According to this report, no subsequent hearings were held. Master Michael Morrissey based his findings and recommendations upon the transcript of the hearings held before his father.
Both parties filed objection to the report as filed, claiming the findings concerning alimony, division of property, and support payments were basically inequitable and favored the opposing side.
The trial court, without taking additional testimony, modified the recommendations of the Master and entered its final order. Plaintiff appeals, urging that the trial court could not modify the Master's report where the findings are supported by competent evidence.
It was error for the court to appoint Michael Morrissey to succeed his father as Master with the admonition to make findings and recommendations based upon the transcript of the hearings held before his father. The newly appointed Master had to conduct his own hearings and in general conduct a hearing de novo on the matters in controversy before he could properly make findings and recommendations to the court.
The relationship between a Master and the trial court is the same relationship as exists between the trier of fact and an appellate reviewing body. Brown v. Brown, 161 Colo. 409, 422 P.2d 634. It is the Master's duty to conduct hearings, receive evidence, and listen to the testimony on the issues involved and then report his findings of fact and conclusions to the trial court. Only if clearly erroneous, that is, only if clearly unsupported by the evidence in the record, may such findings be disturbed by the trial court. Hutchinson v. Elder, 140 Colo. 379, 344 P.2d 1090. Even if the trial court disagrees with the conclusions reached, it is not free to tamper with the findings of a master if, based upon the evidence, a reasonable man might have reached the same conclusions as did the master.
Under R.C.P.Colo. 53(e) (2), when the trial court rejects the master's report, it can only make new findings after it has conducted a hearing of its own. This is a mandatory procedure in cases where the court rejects or modifies the master's report. Brown, supra.
The basis for the rule that the court must accept the master's report and conclusions unless the same are clearly not supported by the evidence is that the master is presumed to be the best judge of the credibility of witnesses and the weight to be given to their testimony.
In this case, however, neither the Master who made the report, nor the court which modified it, held any hearings in which they had opportunity to observe the demeanor of the witnesses or to determine their credibility. When a master is appointed, Rule 53 contemplates that the master will conduct evidentiary hearings at which witnesses may be examined and cross-examined. Oswald v. Dawn, 143 Colo. 487, 354 P.2d 505. No such hearings as contemplated by the rule were held by either the Master or the court in this case.
This is analogous to the situation where the trial judge dies or is removed from office, during a trial. The general rule is that his successor may only complete those acts which do not require him to compare and weigh testimony. Clanton v. Ryan, 14 Colo. 419, 24 P. 258. See also Annot., 22 A.L.R.3d 922 for discussion on this point.
R.C.P.Colo. 63, under "Disability of a Judge," provides as follows:
"If by reason of death, sickness, or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge sitting in or assigned to the court in which the action was tried may perform *1134 those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial."
This rule specifically provides that a successor judge may complete a case providing a verdict is returned or findings of fact and conclusions of law are filed, but doesn't give the successor judge authority to determine the credibility of witnesses and compare and weigh testimony.
Inasmuch as the Master occupies the position of finder of fact, we hold that in case of death of the Master before findings are made, it is necessary that his successor begin the proceedings anew, or that the trial court hold hearings on its own before making findings. A successor master who fails to conduct a hearing de novo lacks jurisdiction to enter any findings or conclusions. Mutual consent cannot confer jurisdiction where it is absent. McCoy v. McCoy, 139 Colo. 105, 336 P.2d 302.
Judgment reversed and cause remanded with further proceedings not inconsistent with this opinion.
ENOCH and DUFFORD, JJ., concur.