No. 24688

J. Norman Brown, J. L. King, William L. Blick, Lysle V. Cooksey, Arthur Antholz, Charley Baumgartner, M. J. Diehl & Sons, Inc., a Colorado Corporation, Fred Ehrlick, Charley Gray, F. A. Sidwell & Sons, Inc., a Colorado Corporation, William R. Wailes, Rollo Shaklee, Jean H. Eichheim, Edward Reed and John Epple, Jr. v. Herbert H. Hansen, County Assessor of Weld County, Colorado, Marshall Anderson, Harry S. Ashley and Glen K. Billings, County Commissioners of Weld County, Colorado, and Members of the Weld County Board of Equalization; Francis M. Loustalet, County Treasurer of Weld County, Colorado; John A. Love, Governor of Colorado, Byron (Andy) Anderson, Secretary of State of Colorado, John P. Proctor, Auditor of State of the State of Colorado, Palmer L. Burch, State Treasurer of the State of Colorado, and Duke W. Dunbar, Attorney General of the State of Colorado, as Members of the State Board of Equalization of the State of Colorado; and Raymond E. Carper, Property Tax Administrator

(493 P.2d 1086)

Decided January 10, 1972.

Waldo and Waldo, Ralph E. Waldo, Jr., for plaintiffs in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, for defendants in error John A. Love, Byron (Andy) Anderson, ·John P. Proctor, Palmer L. Burch, Duke W. Dunbar, as Members of the State Board of Equalization of the State of Colorado; and Raymond E. Carper, Property Tax Administrator.

James H. Shelton, for defendants in error Herbert H. Hansen, County Assessor and Francis M. Louistalet, County Treasurer.

Samuel S. Telep, for defendants in error Marshall H. Anderson, Glenn K. Billings, Harry S. Ashley as County Commissioner and Members of the Weld County Board of Equalization.

*In Department.*

Opinion by MR. JUSTICE GROVES.

In this action the plaintiffs sought determinations that the county assessor assessed farm lands improperly; that the assessor failed to give proper notice of assessment and improperly conducted protest hearings; that the county commissioners in reviewing the action of the assessor gave improper notice of hearing, illegally conducted their hearings and failed to give sufficient notice of their decision; and that state authorities erroneously approved the assessor's valua-

tion. The trial court sustained motions to dismiss the complaint. We affirm.

The plaintiffs did not seek judicial review of the acts of the assessor and the county commissioners as provided by statute. 1965 Perm. Supp., C.R.S. 1963, 137-8-6. That statute requires that, as a condition of judicial review, the appealing taxpayer pay the full amount of the taxes levied on his property. Instead, the action was brought under the Rules of Civil Procedure. This, they contend, was proper because late notices given by the assessor and county commissioners "caused a break in the taxpayers' chain of statutory procedures for relief," and because, unless the requested relief is granted, they will be deprived of property without due process of law.

■■ We rule on the procedural point and do not reach the substantive allegations. We hold that the statutory remedy is adequate and exclusive. C.R.C.P. 81 provides that the Rules of Civil Procedure do not apply where there is a special statutory proceeding which sets forth remedies. *Denver v. Athmar Park Co.,* 151 Colo. 424, 378 P.2d 638 (1963); *Simmons v. Commissioners,* 146 Colo. 392, 361 P.2d 769 (1961); and *Northcutt v. Burton,* 127 Colo. 145, 254 P.2d 1013 (1953). The failure to plead payment of taxes was fatal and justified the order of dismissal.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES and MR. JUSTICE LEE concur.