## No. 27254

**The People of the State of Colorado v. The District Court in and for the Tenth Judicial District, State of Colorado, and the Honorable Jack F. Seavy, one of the District Judges in and for the Tenth Judicial District, State of Colorado, and Darrell Howell**

(557 P.2d 414)

Decided December 13, 1976.

J. E. Losavio, Jr., District Attorney, James A. Lowe, Deputy, Patricia W. Robb, Deputy, for petitioner.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, James H. Frasher, Jr., Deputy, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioner brings this original proceeding under C.A.R. 21, seeking an order staying proceedings in *People v. Howell*, Criminal Action No. 70382 in the District Court of Pueblo County, filed August 1, 1975, and a rule to show cause why this action should not be conducted under the Colorado Rules of Civil Procedure. We issued our rule to show cause, and now, having considered the merits, we discharge the rule.

Defendant Darrell Howell was twice charged with first-degree murder, twice found not guilty by reason of insanity, and twice committed to the Department of Institutions. On August 1, 1975, defendant filed a motion for release examination and hearing under section 16-8-115, C.R.S. 1973. The release hearing, originally set for June 8, 1976, has been continued pending decision on this petition.

Consistent with the position of petitioner that the discovery rules of the rules of civil procedure were applicable, the district attorney filed a request for production of documents (Rule 34), a motion to compel production of documents (Rule 37(a)(1)), a request for leave to take the deposition of defendant (Rule 30(a)), a request for admissions (Rule 36), a motion for pretrial conference (Rule 16), numerous interrogatories addressed to defendant (Rule 33), and a motion for summary judgment (Rule 56).

The district court denied petitioner's various motions and requests, ruled that defendant need not answer the interrogatories or request for admissions, and denied the motion for summary judgment, holding that the discovery rules of the rules of civil procedure had no applicability to the proceedings before the court under section 16-8-115. Thereupon, petitioner commenced this original proceeding.

## I.

Petitioner argues that release proceedings should be considered civil in nature and that the rules of civil procedure should be applicable thereto, citing statutory and case law from forty-eight jurisdictions in support of its contention. Respondents just as strenuously argue that such proceedings, following an acquittal by reason of insanity of a criminal charge, are criminal in nature. However, our decision rests not on the civil-criminal dichotomy, but on the language of the rules of civil procedure themselves.

C.R.C.P. 1(a) provides in part, "These rules govern the procedure * * * in all actions, suits and proceedings of a civil nature * * * and in all special statutory proceedings, with the exceptions stated in Rule 81. * * *" C.R.C.P. 81(a) in turn provides, "These rules do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute. * * *"

Our inquiry, then, is whether release proceedings under section 16-8-115 are special statutory proceedings and, if so, to what extent the discovery provisions for these proceedings are inconsistent or in conflict with the rules of civil procedure.

## II.

We note first that the proceedings under the statute concern the mental condition of the defendant. The applicable statutory test for determination of a defendant's sanity for release from commitment is whether "* * * the defendant has no abnormal mental condition which would be likely to cause him to be dangerous either to himself or to others or to the community in the reasonably foreseeable future." Section 16-8-120(1), C.R.S. 1973.

Historically, this court has considered mental health proceedings to be special statutory proceedings. The court, in considering the nature of a lunacy proceeding, stated in *Hultquist v. People*, 77 Colo. 310, 236 P. 995:

"* * * This is not a civil action, and the procedure provisions of the Code of Civil Procedure are not applicable. The proceeding is a special statutory one, and the special statute itself provides a procedure full and complete in itself."

The court again discussed the nature of mental health proceedings in *Sabon v. People*, 142 Colo. 323, 350 P.2d 576, which involved a commitment proceeding. The applicable statute provided that "the trial shall be had as provided by law for the trial of civil causes before a jury. * * *" 1960 Perm. Supp., C.R.S. '53, 71-1-13(2).[1] The court held that, notwithstanding that provision, such proceedings are neither civil nor criminal but special statutory proceedings. It further stated that the proceeding was in no sense an adversary proceeding but rather an inquiry into the mental health of the respondent.

Here, the nature of the proceeding is similar — an inquiry into the mental condition of a defendant who has been committed under a plea of not guilty by reason of insanity. The proceeding is not an adversary proceeding in the usual sense of a case which is controlled by the rules of civil procedure.

The relevant statute, section 16-8-115, does not state that the release hearing shall be considered a civil proceeding. Such a provision appeared in 1965 Perm. Supp., C.R.S. 1963, 39-8-4(6); however, it was omitted from the statute as reenacted in its present form. Colo. Sess. Laws 1972, ch. 44, 39-8-115(2) at 231. In view of this legislative action and of the detailed procedure prescribed by section 16-8-115, we decline to depart from our previous concept, and we hold that the release proceedings under consideration are special statutory proceedings governed by C.R.C.P. 81(a).

### III.

We now consider whether, under C.R.C.P. 81(a), the procedure in release hearings is so inconsistent or in conflict with the rules of civil procedure as to make those discovery rules inapplicable to release hearings. We conclude that it is.

Section 16-8-115 provides that a release hearing may be ordered by the court *sua sponte* or on motion of either the prosecuting attorney or defendant. The court must order a release hearing where the prosecuting attorney contests the report of the chief officer of the institution recommending release under section 16-8-116.

Section 16-8-115 further provides for examination of the defendant upon court order, with additional examinations, investigations and studies

---

[1] Repealed, Colo. Sess. Laws 1973, ch. 227 at 819. Now governed by article 10 of title 27, C.R.S. 1973 (1975 Supp.).

as deemed necessary by the court. Procedure at the hearing is set out in detail by sections 16-8-115(2) and 16-8-117.

Based on these provisions and on the special non-adversary nature of this inquiry, we hold that the participants in these release proceedings do not have the broad right of discovery as provided in the rules of civil procedure. *Cf. Hithe v. Nelson*, 172 Colo. 179, 471 P.2d 596. The ruling of the district court was correct.

■ We are not persuaded by petitioner's argument that as a result of this interpretation "it is not possible for any party to a release hearing to be properly prepared for the hearing. * * *" The procedure set out in sections 16-8-115 and 16-8-117 are addressed to the discretion of the trial court and permit all participants to prepare adequately for the hearing. Upon a proper showing, the trial court "may use or authorize the use of suitable discovery procedures reasonably fashioned to elicit facts necessary to help the court dispose of the matter as law and justice may require." *Hithe v. Nelson, supra.*

The rule to show cause is discharged.