**HONEYWELL INFORMATION SYSTEMS, INC., a Delaware corporation, Plaintiff-Appellee,**

v.

**The BOARD OF ASSESSMENT APPEALS of the State of Colorado, the City and County of Denver, a municipal corporation, the County Board of Equalization of the City and County of Denver, and the Deputy County Assessor of the City and County of Denver, Defendants-Appellants.**

No. 81CA0737.

Colorado Court of Appeals,
Div. I.

July 22, 1982.

Rehearing Denied Sept. 2, 1982.

Holme, Roberts & Owen, Spencer T. Denison, Denver, for plaintiff-appellee.

Max P. Zall, City Atty., Donald E. Wilson, Asst. City Atty., Denver, for defendants-appellants the City and County of Denver, the County Bd. of Equalization, and the Deputy County Assessor.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Billy Schuman, Asst. Atty. Gen., Denver, for defendant-appellant Bd. of Assessment Appeals.

SMITH, Judge.

Defendants, the Board of Assessment Appeals of the State of Colorado (Board), the City and County of Denver, and its Board of Equalization and Manager of Revenue, ex-officio Assessor (Assessing Authorities), appeal from adverse decisions of the district court in three cases involving the tax years 1973 to 1977. The trial court generally held that assessments for ad valorem taxes made by the Assessing Authorities and sustained initially by the Board against Honeywell Information Systems, Inc., (Honeywell) improperly included valuations for intangible personal property leased by Honeywell to various lessees within the City and County of Denver.

Honeywell manufactures, sells, and leases electronic data processing equipment (computers) and provides related products and services to customers in Colorado. The property subject to valuation is computer equipment owned by Honeywell, but in the possession, by virtue of lease agreements, of certain customers located in Denver. In addition to the equipment itself (hardware), computers require special programs (software) and the assistance of technically trained personnel for normal operations. All parties agree that these special support services and programs constitute intangible personal property which is exempt from taxation pursuant to § 39–3–101(1)(i), C.R.S.1973. We accept this stipulation for the purpose of this appeal.

In each of the cases here, the Assessing Authorities valued Honeywell's equipment by a capitalization of rental income method. According to Honeywell, a portion of the lease payments represented reimbursement for software and technical assistance. The essence of this appeal is whether Honeywell is entitled to a reduction attributable to software in the amount of 24.4% for the years 1973 through 1977. We find that Honeywell is entitled to the relief granted except with respect to the tax year 1974, for which it filed no protest.

Honeywell first appealed to the Board regarding the assessment for the tax year 1973. After a hearing conducted in March of 1974, the Board found against Honeywell. Honeywell then sought relief by way of a C.R.C.P. 106 action in the district court. In April of 1975, the trial court determined that Honeywell had indeed been assessed for exempt property, and the case was remanded to the Board for a factual determination regarding the amount of Honeywell's exempt property improperly assessed.

In its C.R.C.P. 106 complaint for judicial review of the Board's decision regarding the 1975 and 1976 tax years, Honeywell did not protest to the Board the valuation attributable to the 1974 tax year. It did, however, allege that it owned personal property in Denver on January 1, 1974. All other protests were properly filed with, and determined by, the appropriate administrative authorities.

On January 26, 1977, all the parties agreed in a hearing before the Board that the Board should consolidate the cases and that evidence presented in the earlier hearing would apply to the later years as well. Ultimately, the trial court ruled on all cases in a single proceeding and entered judgment on June 18, 1981. It is from that judgment that defendants take this appeal.

■ Defendants' first ground of appeal concerns jurisdictional matters. The Assessing Authorities take the position that the Board had no jurisdiction to consider Honeywell's petition regarding the 1973 taxes because Honeywell's appeal from the County Board of Equalization was not heard by the Board of Assessment within the time frame established by the statute then in effect. We disagree.

The applicable statute § 39-2-125(1)(c), provides that the Board shall:

"Hear appeals from decisions of county boards of equalization filed not later than thirty days after the entry of any such decision. Appeal decisions shall be rendered within thirty days after the date of hearing or by the last day of the same calendar year, whichever is the later date."

The Assessing Authorities appear to suggest that the Board of Assessment Appeals must hear appeals within thirty days after the decision by the County Board of Equalization. Our reading of the statute does not reveal such a limitation. The initial thirty-day requirement relates to the filing of the appeal and the subsequent one to the rendering of the decision following the hearing before the Appeals Board. Accordingly, these time limits have been complied with, and we reject defendants' jurisdictional argument.

■ All defendants contend that the court erred in according relief for the 1974 tax year because Honeywell did not appeal to the appropriate administrative authorities before bringing its C.R.C.P. 106 action for declaratory relief. We agree that the procedure set forth in § 39-5-122, C.R.S. 1973, is mandatory. *Brown v. Hansen,* 177 Colo. 39, 493 P.2d 1086 (1972); *Hays v. City & County of Denver,* 127 Colo. 154, 254 P.2d 860 (1953). Under the statute, Honeywell is not entitled to bring a C.R.C.P. 106 proceeding without first having filed its protest and pursued the proper administrative remedies. Accordingly, Honeywell is not entitled to relief for the 1974 tax year.

■ Defendants next assert that the trial court erred in consolidating the cases and entering the final judgment thereon. We disagree. Initially, the Board "consolidated" the cases in its order of January 26, 1977. Further, the court found that the assessments for all years presented identical issues and that all parties had agreed to disposing of matters in a single proceeding. Although no mention for consolidation was made by Honeywell, no objection was made to the manner in which the cases were heard. Since there was no timely objection to the procedure adopted by the trial court, the matter is not properly appealable. *Cone v. Montgomery,* 25 Colo. 277, 53 P. 1052 (1898).

■ Defendants also raise an issue concerning the sufficiency of evidence before the Board regarding the percentage of Honeywell's property constituting software. Defendants contend that Honeywell did not produce any evidence at the first Board hearing that would have established that software had been included in the 1973 evaluation.

There was before the Board testimony given by Honeywell's budget manager regarding the practice of "bundling" or combining the prices for hardware and software in a single base figure. Thus, the record supports the trial court's conclusion that

Honeywell was indeed assessed for exempt property. *Bauer v. City of Wheatridge,* 182 Colo. 324, 513 P.2d 203 (1973). However, we do agree that the evidence produced at the hearings was insufficient to establish the proper percentage to be allocated to software. Thus, the trial court properly remanded the case to the Board for that determination.

Finally, we reject defendants' claim that the trial court erred by not requiring Honeywell to meet the clear and convincing standard of proof. Under § 13–25–127(1), C.R.S.1973, the burden of proof in all civil actions is by a preponderance of the evidence except where a statute specifically provides otherwise. Here, because there is no legislative enactment which supersedes § 13–25–127(1), C.R.S.1973, we find it controls and that a taxpayer who protests a property tax assessment bears the burden of proving by a preponderance of the evidence that the assessment is incorrect.

Accordingly, the judgment is affirmed as to the tax years 1973, and 1975 through 1977, and is reversed as to the tax year 1974.

COYTE and KELLY, JJ., concur.