Joe **LANDIS** and Monica Landis, d/b/a Gambles, Plaintiffs-Appellants,

v.

Eugene L. **FARISH**, District Attorney, 12th Judicial District, Defendant-Appellee.

No. 82SA317.

Supreme Court of Colorado, En Banc.

Jan. 16, 1984.

Reid C. Pixler, Montrose, for plaintiffs-appellants.

Eugene L. Farish, Dist. Atty., 12th Judicial Dist., Douglas F. Primavera, Conejos, for defendant-appellee.

Raymond T. Slaughter, Englewood, for Colorado Dist. Attys. Council, amicus curiae.

ERICKSON, Chief Justice.

The Rio Grande County District Court dismissed the petition or affidavit of the appellants, Joe and Monica Landis, in support of an order to require the district attorney to prosecute pursuant to section 16–5–209, C.R.S.1973 (1978 Repl.Vol. 8).[1] We affirm the district court.

Nila Keltner worked as a part-time bookkeeper for the Meadow Ranch in Saguache County. In September, 1980, she opened a checking account at the Rio Grande County Bank in Del Norte by depositing checks totaling $32,800. A short time later, the bank learned that the checks used to open Keltner's account were stolen from the Meadow Ranch. The bank refused to honor checks drawn on the account and returned the checks drawn by Keltner stamped "refer to maker."

Three checks drawn on Keltner's account, which were payable to Gambles Hardware Store in Monte Vista, with a combined value of $2,347.77, were returned. The appellants, owners of the Gambles store, demanded that the district attorney prosecute Keltner for theft by deception. Section 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8).[2]

---

1. Section 16–5–209, C.R.S.1973 (1978 Repl.Vol. 8):

"The judge of a court having jurisdiction of the alleged offense, upon affidavit filed with him alleging the commission of a crime and the unjustified refusal of the prosecuting attorney to prosecute any person for the crime, may require the prosecuting attorney to appear before him and explain his refusal. If after a hearing the judge finds that the refusal of the prosecuting attorney to prosecute was arbitrary or capricious and without reasonable excuse, he may order the prosecuting attorney to file an information and prosecute the case or may appoint a special prosecutor to do so...."

2. Section 18–4–401, C.R.S.1973 (1978 Repl.Vol. 8):

"(1) A person commits theft when he knowingly obtains or exercises control over anything of value of another without authorization, or by threat or deception, and:

(a) Intends to deprive the other person permanently of the use or benefit of the thing of value; or

(b) Knowingly uses, conceals, or abandons the thing of value in such manner as to deprive the other person permanently of its use or benefit; or

(c) Uses, conceals, or abandons the thing of value intending that such use, conceal-

The district attorney, however, refused to prosecute Keltner. The appellants petitioned for an order to compel the district attorney to prosecute Keltner. The appellants claimed that Keltner knew she was not entitled to the money in the account when she tendered the checks to them for merchandise and that she used the checks for deception.

The district court held that the appellants asserted facts which would constitute a crime if proved, but that the district attorney did not act arbitrarily or capriciously and without reasonable excuse in refusing to prosecute Keltner. At the time of the hearing, Meadow Ranch declined to cooperate in the prosecution of Nila Keltner for theft of Meadow Ranch funds. The district attorney advised the court that the investigation of Nila Keltner was not concluded and would continue.

On appeal, the appellants assert that the evidence is sufficient to prove Keltner intended to commit theft by deception, and that the district court erred by not requiring the district attorney to prosecute Keltner.

■ Unless there is clear and convincing evidence that the district attorney's decision not to prosecute was arbitrary or capricious and without reasonable excuse the court will not order prosecution. Section 16–5–209, C.R.S.1973 (1978 Repl.Vol. 8).

*Sandoval v. Farish,* 675 P.2d 300 (1984); *Tooley v. District Court,* 190 Colo. 468, 549 P.2d 772 (1976). The party challenging a district attorney's charging decision must overcome the presumption that the prosecutor acted in accordance with the law. *People v. District Court,* 632 P.2d 1022 (Colo. 1981). Absent a clear abuse of discretion, a judge may not substitute his judgment or discretion for that of the prosecutor. *Sandoval v. Farish, supra; Tooley v. District Court, supra; Inmates of Attica Correctional Facility v. Rockefeller,* 477 F.2d 375 (2d Cir.1973).

■ The district court found that the appellants failed to prove that the district attorney's decision was arbitrary or capricious and without reasonable excuse. After reviewing the record, we agree.

Accordingly, we affirm the district court.

ment, or abandonment will deprive the other person permanently of its use and benefit; or
(d) Demands any consideration to which he is not legally entitled as a condition of restoring the thing of value to the other person.
"(2) Theft is:
(a) A class 3 misdemeanor if the value of the thing involved is less than fifty dollars;
(b) A class 2 misdemeanor if the value of the thing involved is fifty dollars or more but less than two hundred dollars;
(c) A class 4 felony if the value of the thing involved is two hundred dollars or more but less than ten thousand dollars;
(d) A class 3 felony if the value of the thing involved is ten thousand dollars or more.
"(3) Repealed, L. 77, p. 976, § 9, effective July 1, 1977.
"(3.1) Repealed, L. 77, p. 976, § 9, effective July 1, 1977.

"(4) When a person commits theft twice or more within a period of six months without having been placed in jeopardy for the prior offense or offenses, and the aggregate value of the things involved is two hundred dollars or more but less than ten thousand dollars, it is a class 4 felony; however, if the aggregate value of the things involved is ten thousand dollars or more, it is a class 3 felony.
"(5) Theft from the person of another by means other than the use of force, threat, or intimidation is a class 5 felony without regard to the value of the thing taken.
"(6) In every indictment or information charging a violation of this section, it shall be sufficient to allege that, on or about a day certain, the defendant committed the crime of theft by unlawfully taking a thing or things of value of a person or persons named in the indictment or information. The prosecuting attorney shall at the request of the defendant provide a bill of particulars...."