Laura MOODY, Plaintiff–Appellant,

v.

Roger LARSEN, as District Attorney for the 11th Judicial District of the State of Colorado, Defendant–Appellee.

No. 87CA0428.

Colorado Court of Appeals,
Div. III.

Nov. 8, 1990.

Anthony J. DiCola, Ellen S. Roberts, Hot Sulphur Springs, for plaintiff-appellant.

William Alderton, Deputy Dist. Atty., Salida, for defendant-appellee.

Opinion by Judge JONES.

Plaintiff, Laura Moody, appeals the judgment of dismissal of her complaint which sought a court order to compel the defendant, Roger Larsen, then a district attorney, to prosecute Damon Moss, a man she accuses of murdering her brother. We reverse and remand.

Moody's brother, James Dowell, was shot to death in front of his home by Moss after a conversation between the two.

According to affidavits and oral testimony, Moss, who was armed with a high-caliber pistol, went to Dowell's house believing that Dowell was angry with him. A confrontation ensued on the front lawn, and when Dowell struck the much larger Moss, Moss shot Dowell. When Dowell fled, Moss shot at him two more times from behind, with at least one of these bullets hitting Dowell. After Dowell fell to the ground, two more shots were fired by Moss at close range.

Defendant, who was the district attorney in the judicial district in which the events occurred, declined to prosecute Moss.

Pursuant to § 16–5–209, C.R.S. (1986 Repl.Vol. 8A), Moody filed a complaint and affidavit alleging that Dowell was murdered and, accordingly, that Larsen's failure to prosecute was unjustified. The complaint requested that the trial court order Larsen to file an information and to prosecute Moss, or that it appoint a special prosecutor to do so.

Based upon the affidavit in support of the complaint, the district court ordered Larsen to appear in a hearing to explain his decision not to prosecute. The court did not allow Moody to pursue discovery prior to the hearing.

At the hearing on the complaint, Larsen testified that he had determined that there was a lack of evidence probative of guilt and that the facts indicated to him that the shooting was justified by self-defense. The trial court acknowledged that the burden of proof was on Moody but, despite her protestation, it did not allow her to present evidence to rebut Larsen's testimony. Moody was, however, allowed to present offers of proof concerning evidence she would have elicited from witnesses. Information elicited in these offers of proof was to the effect that the version of the facts related by Moss, and relied upon by Larsen in his decision not to prosecute, was inaccurate.

Moody presented information that a police officer would have testified that Larsen told him that one reason he did not file charges was because it was "a case of one dirtbag shooting another dirtbag." Moreover, Moody offered evidence that, because of Larsen's personal enmity toward Dowell, arising out of an earlier case against Dowell, he intentionally failed to conduct a thorough investigation of the facts surrounding Dowell's death. Moody, therefore, alleged that Larsen's decision not to prosecute was arbitrary and capricious.

The court dismissed Moody's complaint, finding that the decision not to prosecute was neither arbitrary, capricious, nor unreasonable.

On appeal, Moody asserts that the trial court erred by 1) denying her motion for limited discovery and for a continuance so that discovery could be completed; 2) failing to apply generally the rules of civil procedure; 3) denying her request to call rebuttal witnesses; and 4) failing to order Larsen to prosecute or to appoint a special prosecutor.

Larsen responds by asserting that § 16–5–209 is a special statutory proceeding and that the rules of civil procedure do not apply to it. He contends that Moody is not entitled to discovery, to call rebuttal witnesses, nor to any of the other procedural privileges provided by the rules. Therefore, Larsen maintains, the trial court was correct in its determination that he did not act improperly in deciding not to prosecute Moss. We conclude that the trial court erred.

I.

Moody first contends that the trial court's failure to allow her to present both her own witnesses and rebuttal evidence violated the hearing requirement of § 16–5–209. We agree.

Section 16–5–209 provides in pertinent part:

"The judge of a court having jurisdiction of the alleged offense, upon affidavit filed with him alleging the commission of a crime and the unjustified refusal of the prosecuting attorney to prosecute any person for the crime, may require the prosecuting attorney to appear before him and explain his refusal. If after a hearing the judge finds that the refusal

of the prosecuting attorney to prosecute was arbitrary or capricious and without reasonable excuse, he may order the prosecuting attorney to file an information and prosecute the case or may appoint a special prosecutor to do so...."

Under this statute, the challenging party has the burden of proof, and even a strong showing by the challenging party does not shift the burden of proof to the prosecutor. *Sandoval v. Farish*, 675 P.2d 300 (Colo. 1984).

### A.

■ The word "hearing" is not defined in § 16–5–209. In the absence of an express definition, words and phrases used in the Colorado Code of Criminal Procedure, § 16–1–101, et seq., C.R.S. (1986 Repl.Vol. 8A), must be construed according to the rules governing the construction of statutes. Section 16–1–105(3), C.R.S. (1986 Repl.Vol. 8A). Such rules mandate that words in statutes be construed according to their plain and ordinary meaning. *People v. District Court*, 713 P.2d 918 (Colo.1986).

The convening of a hearing presupposes that evidence will be introduced during such proceeding. "The word ['hearing'] contemplates not only the privilege to be present when the matter is being considered but [also] the right to present one's contention and to support the same by proof and argument." *Brown v. Brown*, 161 Colo. 409, 422 P.2d 634 (1967).

■ Here, the statute specifically calls for a hearing and, therefore, the introduction of evidence. Had the. General Assembly intended this hearing to be *ex parte*, as Larsen suggests, it could have so stated in enacting the statute. Absent such an express provision, we conclude that § 16–5–209 calls for the usual type of hearing in which both parties are given the opportunity to present evidence and argument.

### B.

■ We also agree with Moody's assertion that the trial court abused its discretion by refusing to accept evidence from her in rebuttal.

The testimony of a witness concerning a material issue may be contradicted as to any fact or circumstance which tends to corroborate and strengthen his testimony. For this purpose, a party has the right to call witnesses to contradict material evidence given by a witness for his adversary. *Barry v. People*, 29 Colo. 395, 68 P. 274 (1902).

Here, Moody made a number of offers of proof, *see* C.R.C.P. 43(c), including offers of the testimony of the two police officers who headed the investigation of Dowell's death. One of these officers would have testified that: "Larsen never, contrary to his direct testimony, inquired of [the officers] to take a statement from Mr. Dowell while he was in the hospital [and still alive]." The officer would have further testified that: "[T]here was clear and convincing evidence that Mr. Dowell was running to get away while he was being killed by ... Moss." The other officer would have testified as to Larsen's alleged characterization of the incident as "one dirtbag shooting another dirtbag."

Therefore, the trial court was apprised that Moody was prepared to present testimony contradicting material evidence given by Larsen. That testimony would have been to the effect that Larsen misled the court in stating his reason for choosing not to prosecute and in stating that he had called for a police inquiry, and also that Larsen had ignored the possible invalidity of Moss' claim of self-defense.

### C.

■ In addition, the record reveals that the trial court failed to exercise its discretion concerning whether, in the first instance, to allow rebutting testimony. Indeed, the court denied plaintiff's request on grounds that it had no discretion in the matter.

We conclude that the trial court's failure to exercise discretion on the issue of whether Moody was entitled to present rebuttal evidence, itself, constituted an abuse of discretion. *See Lamm v. Barber*, 192 Colo.

511, 565 P.2d 538 (1977); *People v. McNichols*, 91 Colo. 141, 13 P.2d 266 (1932).

## II.

Moody next contends that actions brought under § 16–5–209 are special statutory proceedings and that the Colorado Rules of Civil Procedure apply to such actions. Therefore, she contends, the trial court erred in denying to her a host of procedural rights and privileges, such as discovery and the right to present evidence in support of her complaint, which should have been available to her in this proceeding. We agree with Moody that these actions are special statutory proceedings and that the rules of civil procedure apply to proceedings under § 16–5–209.

## A.

Governance of procedure in all civil matters is provided for by C.R.C.P. 1(a) which states, in pertinent part, as follows:

"These rules govern the procedure in the supreme court, court of appeals, district court ... in *all actions*, suits and proceedings of a civil nature, whether cognizable as cases at law or in equity, and *in all special statutory proceedings, with the exceptions stated in Rule 81.* They shall be liberally construed to secure the just, speedy, and inexpensive determination of every action." (emphasis added)

The exception to the application of the rules of civil procedure existing under C.R.C.P. 81(a) provides, in part, as follows:

"These rules do not govern procedure and practice in any special statutory proceeding insofar as they are inconsistent or in conflict with the procedure and practice provided by the applicable statute...."

Thus, the Supreme Court has accorded to the General Assembly the ability to determine, in a few, specific proceedings, when the rules of civil procedure will not apply.

In those special proceedings, the General Assembly itself must, of necessity, set out the practice and procedure to be followed, and such procedure will generally be inconsistent with or in conflict with the rules of civil procedure in some respects. We must presume that when the General Assembly establishes a proceeding for which the rules of civil procedure will not apply, it will provide adequate practices and procedures to govern such a proceeding. Statutory procedures and practices are less than adequate when they do not "provide a unified, expedient, and economical means for resolving issues." *Air Pollution Control Commission v. District Court*, 193 Colo. 146, 563 P.2d 351 (1977).

■ Applying these principles here, we conclude that the proceeding set forth in § 16–5–209 is a special statutory proceeding not exempted from the application of the rules of civil procedure for the reason that the statute does not provide "a procedure full and complete in itself." *See Hultquist v. People*, 77 Colo. 310, 236 P. 995 (1925). *Cf. People v. District Court* 192 Colo. 225, 557 P.2d 414 (1976) (*People v. District Court II*).

Larsen seems to argue that the failure of the General Assembly to provide an express procedure constitutes an inconsistency or conflict with the Colorado Rules of Civil Procedure which, in and of itself, actuates C.R.C.P. 81(a) as to § 16–5–209. We disagree with his analysis.

The exception to the application of the rules of civil procedure in question here is triggered by the express provision of an adequate, exclusive, full, and complete procedure and practice as to the special statutory proceeding which plainly obviates the need for application of the rules of civil procedure. *See People v. District Court II, supra. See also Silver Eagle Services, Inc. v. Public Utilities Commission*, 768 P.2d 208 (Colo.1989). A procedure and practice of that nature was not set forth by the General Assembly in § 16–5–209. Thus, we conclude that the proceeding set forth in § 16–5–209 is a special statutory proceeding and that the rules of civil procedure apply to actions commenced under that statute because of the lack of an adequate, exclusive, full, and complete procedure in the statute.

## III.

■ We, furthermore, agree with Moody's contentions that, because the rules of civil procedure apply to proceedings under § 16–5–209, the trial court erred in failing to grant her request for discovery, in failing to grant her a continuance so that discovery could be accomplished, and in failing to exercise its discretion to consider whether and to what extent to allow discovery.

### A.

Although a trial court may, in its sound exercise of discretion, limit discovery to a reasonable degree, *see Bond v. District Court*, 682 P.2d 33 (Colo.1984), when it is clearly shown that the matters sought in discovery are relevant to the very narrow issue before the trial court, discovery under the rules of civil procedure should be allowed to the extent of "[eliciting] facts necessary to help the court dispose of the matter as law and justice may require." *Hithe v. Nelson*, 172 Colo. 179, 471 P.2d 596 (1970).

### B.

We also agree with Moody's contention that the trial court erred in failing to exercise its discretion concerning whether to allow discovery.

The failure of an official to exercise discretion vested in him is, itself, an abuse of discretion. *See Lamm v. Barber, supra; People v. McNichols, supra.*

Here, the trial court found itself without power to allow Moody to undertake discovery. We conclude that this failure to exercise the discretion vested in it by the rules of procedure concerning whether to allow discovery and whether to grant a continuance so that Moody could accomplish discovery constituted an abuse of discretion.

### C.

The decision to grant or deny a continuance is within the sound discretion of the trial court and will not be set aside absent a clear abuse of that discretion. *Butler v.*

*Farner*, 704 P.2d 853 (Colo.1985). In determining whether to grant a continuance, the trial court should consider the circumstances of the particular case, weighing the right of the moving party to a fair hearing against the prejudice that may result from delay. *Butler v. Farner, supra; Bithell v. Western Care Corp.*, 762 P.2d 708 (Colo. App.1988).

Here, the trial court did not consider the circumstances of the case. Instead, it simply found that no continuance for discovery could be allowed to Moody because no discovery could be allowed to her. Thus, the court's order constituted an abuse of its discretion.

We conclude that pre-hearing discovery should be allowed here, pursuant to the rules of civil procedure, for examination of the following:

(1) evidence considered by the prosecutor in making the initial decision not to prosecute, including police reports;

(2) evidence not considered by the prosecutor but still available to him; and

(3) evidence of the prosecutor's motive or lack of good faith, or evidence which may reasonably rebut the prosecutor's claim of good faith.

To hold that a challenging party must prove that the prosecuting attorney's failure to pursue a case results from a cause that is unwarranted or unreasonable, without even limited discovery, before any explanation by the prosecuting attorney is made, and without the opportunity to present rebuttal·evidence, is to render the General Assembly's mechanism for prevention of such abuses a hollow shell. Furthermore, such a result is not consonant with sound judicial administration. *See Air Pollution Control Commission v. District Court, supra.* And in this regard, at least one case has anticipated something more from the statute when a remedy is warranted. *See Dohaish v. Tooley*, 670 F.2d 934 (10th Cir.1982).

### IV.

In our view this case demonstrates the importance of the proceeding which the

General Assembly provided for in § 16–5–209. It does call for the delicate balance which must be recognized whenever one branch of government is called upon to review another branch. However, it also recognizes the requirement that the judiciary apply the procedural rights which the rules of civil procedure grant to those in actions subject to those rules. *See Hithe v. Nelson, supra.*

By granting minimum procedural requirements, we insure that this important remedial statute may properly be applied by good-faith petitioners and by the courts. District attorneys are protected by the court's discretion in reviewing and monitoring the discovery process and the presentation of evidence. Additionally, the burden of proof imposed on petitioners is a built-in protection.

Prosecutors have a vested interest in full and complete hearings under § 16–5–209. Experience teaches that in most cases in which this statute is invoked the diligence and judgment of prosecutors in the exercise of their discretion will be recognized and exonerated. The enhancement of the public's confidence in them will more than overcome the occasional perturbation of a full and complete hearing.

The order of the trial court is reversed, and the cause is remanded for further proceedings and a new hearing consistent with this opinion.

CRISWELL, J., concurs.

TURSI, J., dissents.

Judge TURSI dissenting.

I respectfully dissent.

I disagree with the majority's conclusion that Moody had a right to an adversary hearing under § 16–5–209, C.R.S. (1986 Repl.Vol. 1A) and that it was error for the trial court to deny her the opportunity to present evidence.

A district attorney's broad prosecutorial discretion is rooted in his capacity as an executive officer and in the doctrine of the separation of powers. *See People v. District Court,* 632 P.2d 1022 (Colo.1981). However, even executive officers are pro-

hibited from exceeding the limits of the discretion entrusted to them. *See State v. Clark,* 291 Or. 231, 630 P.2d 810 (1981).

Section 16–5–209 is a mechanism created by the General Assembly as part of the Colorado Code of Criminal Procedure, § 16–1–101, et seq., C.R.S. (1986 Repl.Vol. 8A) to prevent abuses in connection with the prosecutorial decision. The statute creates an avenue for persons who believe a prosecuting attorney is not pursuing a case with diligence to petition the district court to review the status of the case. *Dohaish v. Tooley,* 670 F.2d 934 (10th Cir.1982). The district court may then summon the district attorney to be heard on his or her reasons for the exercising of discretion resulting in the non-prosecution.

In my view, § 16–5–209 is a special statutory proceeding as part of the Code of Criminal Procedure, and the Rules of Civil Procedure do not apply to it. Under C.R. C.P. 81, the Rules of Civil Procedure apply in special statutory proceedings only to the extent they are not inconsistent or in conflict with the practice and procedure provided for in the statute. Contrary to the right of any person to commence an adversarial proceeding by filing a complaint, here, the statutory procedure is initiated by affidavits and is addressed to the sound discretion of the district court. Further, the statute, as is proper in a matter concerned with the constitutional division of power, Colo. Const. art. III, restricts the right of the district court to require an appearance before it and a showing by the district attorney that his or her decision was not arbitrary or capricious, or without reasonable excuse. Matters beyond these are, as here, left to the political wisdom of the district attorney's constituency.

Section 16–5–209 is clear in its requirements. It specifically limits the hearing to an explanation by the prosecutor. It also provides the exclusive judicial remedy to rectify improper refusals to prosecute. Hence, the Rules of Civil Procedure do not apply. *See Brown v. Hansen,* 177 Colo. 39, 493 P.2d 1086 (1972).

Therefore, the trial court was acting within its discretion in refusing to hear the motion to compel discovery, and an order compelling discovery could well have been an abuse of discretion.

In addition, a prosecutor's charging decision is presumed to be in accordance with the law. *People v. District Court, supra.* A party challenging the prosecutor's decision under § 16–5–209 may overcome the presumption only upon a showing of clear and convincing evidence that the refusal to prosecute was arbitrary or capricious and without reasonable excuse. *Landis v. Farish,* 674 P.2d 957 (Colo.1984); *Sandoval v. Farish,* 675 P.2d 300 (Colo.1984).

Clear and convincing proof is "evidence which is stronger than a 'preponderance of the evidence' and which is unmistakable and free from serious or substantial doubt." *DiLeo v. Koltnow,* 200 Colo. 119, 613 P.2d 318 (1980). An affidavit must introduce sufficient evidence to satisfy this burden of proof before a discretionary hearing may be held under § 16–5–209.

Moreover, at the hearing, the burden does not shift to the district attorney to explain before the court that his refusal to prosecute was justified by reasonable excuse; however, his failure to go forward with the evidence would leave affiant's verified allegations unrebutted. *See Sandoval v. Farish, supra.* The affiant may exercise his right to test the district attorney's credibility through cross-examination, but only in regard to the narrow issue to be determined in a § 16–5–209 proceeding, and whether to accept additional evidence at the hearing lies within the discretion of the court.

Here, Moody was afforded the opportunity to cross-examine the district attorney thoroughly. Based upon the record, it cannot be said that the district court abused its discretion in refusing to accept additional evidence.

Nor do I perceive any error in the court's refusal to grant Moody's motion to compel discovery.

Finally, I would reject Moody's argument that the trial court erred in finding the district attorney's refusal to prosecute justified by reasonable excuse. Credibility of the district attorney's explanation was a matter for the district court as the trier of fact.

Therefore, because the record, including Moody's affidavit and the testimony of the district attorney, shows no abuse of discretion by the trial court in ruling that the district attorney had not acted arbitrarily, capriciously, or without reasonable excuse in declining to prosecute, I would affirm the district court's disposition of this proceeding.