Sanford B. SCHUPPER, Plaintiff–
Appellant and Cross–Appellee,

v.

Jeanne M. SMITH, District Attorney, and David H. Zook, Chief Deputy District Attorney, individually and in their official capacities; and the Office of the District Attorney for El Paso County, Defendants–Appellees and Cross–Appellants,

and

William Edie, Robyn Cafasso, and Linda Dix, individually and in their official capacities; Robert Sexton; Adam Rodgers; and Ann Kaufman, Defendants–Appellees.

No. 03CA1963.

Colorado Court of Appeals,
Div. III.

Dec. 15, 2005.

Sanford B. Schupper, Pro Se.

Jeanne M. Smith, District Attorney, David H. Zook, Chief Deputy District Attorney, Colorado Springs, Colorado, for Defendants–Appellees and Cross–Appellants.

No Appearance for Defendants–Appellees.

TAUBMAN, J.

In this case concerning allegations of prosecutorial misconduct, plaintiff, Sanford B. Schupper, appeals the trial court's judgment in favor of defendant, Jeanne Smith, denying his motion to appoint a special prosecutor. Schupper also appeals the trial court's order dismissing defendants, William Edie, Robyn Cafasso, Linda Dix, Robert Sexton, Adam Rodgers, Ann Kaufman, David Zook, and the Office of the District Attorney for El Paso County. In addition, Smith cross-appeals the trial court's earlier order directing her to testify and refusing to dismiss Schupper's complaint. We affirm.

In 2001, Schupper was a criminal defendant charged with securities fraud and other offenses by the Office of the District Attorney for El Paso County.

In July 2001, Assistant District Attorneys Edie and Cafasso met to discuss discovery with Dix, their investigator; Rodgers, a witness in Schupper's case; and Kaufman, Rodgers's attorney. During the meeting, Rodgers disclosed to the other participants that he had resigned around February 2001 as a director and president of Schupper's corporation, McDonald Capital, Inc. The tape recording of the discovery session unequivocally shows that Rodgers stated he had resigned from McDonald Capital and that the assistant district attorneys had verified that Rodgers was no longer an officer or director of McDonald Capital on the records for that company filed with the Delaware Secretary of State. Despite knowing that Rodgers had resigned, Edie asked him to provide a "search waiver" to certain financial institutions to permit the district attorney's office to obtain copies of McDonald Capital's financial statements relating to the pending charges against Schupper. Rodgers signed such a waiver on or about January 31, 2002.

Later in 2002, the assistant district attorneys sent a copy of the search waiver along with a cover letter to numerous financial and investment institutions. The assistant district attorneys used documents obtained from these institutions in a trial court hearing in an unsuccessful attempt to prove that Schupper did not qualify for court-appointed counsel.

Schupper filed a complaint against Smith, Edie, Cafasso, Zook, Dix, the Office of the District Attorney for El Paso County, Rodgers, and Kaufman, requesting the appointment of a special prosecutor pursuant to § 16–5–209, C.R.S.2005, to prosecute defendants for prosecutorial misconduct and the commission of numerous felonies. Schupper also filed an amended complaint to include Robert Sexton, an agent of the Colorado Bureau of Investigation, as a defendant.

The trial court granted a motion to dismiss for failure to state a claim in favor of Edie, Cafasso, Zook, Dix, Sexton, Rodgers, and Kaufman. However, Smith, the District Attorney for El Paso County, was not dismissed as a defendant.

The trial court denied Schupper's motion for the issuance of subpoenas to Smith, Cafasso, Zook, Dix, Kaufman, Sexton, and Edie.

In response to the trial court's order pursuant to § 16–5–209, Smith filed a written explanation as to why she decided not to prosecute the other defendants. The trial court also heard Smith's in-court testimony about her decision not to prosecute, denied the motion to appoint a special prosecutor, and refused to order Smith to file criminal charges against the other defendants. This appeal followed.

## I. Petition to Appoint Special Prosecutor

■ Schupper contends that the trial court erred in denying his petition to appoint a special prosecutor because he was not granted a full evidentiary hearing or the opportunity to conduct discovery and call witnesses. We disagree.

Whether Schupper was entitled to a full evidentiary hearing turns on the interpretation of § 16–5–209, C.R.S.2005. In *Moody v. Larsen,* 802 P.2d 1169 (Colo.App.1990), a division of this court concluded that the version of § 16–5–209 then in effect called for the usual type of hearing in which both parties are given the opportunity to present evidence and argument. At the time *Moody* was decided, the former § 16–5–209 stated:

> The judge of a court having jurisdiction of the alleged offense, upon affidavit filed with him alleging the commission of a crime and the unjustified refusal of the prosecuting attorney to prosecute any person for the crime, may require the prosecuting attorney to appear before him and explain his refusal. If after *a hearing,* the judge finds that the refusal of the prosecuting attorney to prosecute was arbitrary or capricious and without reasonable excuse, he may order the prosecuting attorney to file an information and prosecute the case or may appoint a special prosecutor to do so.

Colo. Sess. Laws 1977, ch. 214 at 858 (emphasis added). However, since *Moody* was decided, § 16–5–209 has been amended, inter alia, to eliminate the words "a hearing" and to insert other words, as follows:

> If after *that proceeding, based on the competent evidence in the affidavit, the explanation of the prosecuting attorney, and any argument of the parties,* the judge finds that the refusal of the prosecuting attorney . . . .

(Emphasis added.)

■ In construing a statute, courts strive to give effect to the intent of the legislature and adopt the statutory construction that best effectuates the purposes of the legislative scheme, looking first to the plain language of the statute. *Spahmer v. Gullette,* 113 P.3d 158 (Colo.2005). If statutory language is ambiguous, courts may rely on legislative history to discern the legislature's intent. *Consumer Crusade, Inc. v. Affordable Health Care Solutions, Inc.,* 121 P.3d 350 (Colo.App.2005). If the General Assembly amends a statute, an intent to change the law is generally presumed. *Grynberg v. Colo. Oil & Gas Conservation Comm'n,* 7 P.3d 1060 (Colo.App.1999).

The word "proceeding" is capable of several conflicting definitions; some are broad,

and others are more narrow. *Black's Law Dictionary* 1241 (8th ed.2004) defines the word both as "the regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment" and as "an act or step that is part of a larger action." Accordingly, we conclude that for the purpose of interpreting § 16–5–209, the word "proceeding" is ambiguous.

Here, § 16–5–209 was amended by House Bill 1216 in 2000, and the legislative history shows that the General Assembly intended to overrule *Moody* by eliminating the right to formal discovery and by providing for an evidentiary hearing at the trial court's discretion, once it had considered the petitioner's affidavit; the explanation of the district attorney, if required by the trial court; and any argument of the parties. Hearings on H.B. 00–1216 before the Subcomm. of the House Jud. Comm., 62d General Assembly, 1st Sess. (Jan. 20, 2000) (House Hearings); Hearings on H.B. 00–1216 before the Subcomm. of the Senate Jud. Comm., 62d General Assembly, 1st Sess. (Feb. 15 & Mar. 20, 2000) (Senate Hearings); Hearings on H.B. 00–1216 before House on Second Reading, 62d General Assembly, 1st Sess. (Mar. 24, 2000).

During the House Hearings, Adams County District Attorney Bob Grant testified that the bill was intended to overrule *Moody* to the extent that *Moody* afforded a petitioner the right to a full evidentiary hearing on a petition to appoint a special prosecutor. Senator Ken Arnold and Denver District Attorney Bill Ritter testified during the Senate Hearings that the bill eliminated the mandatory discovery provided by *Moody* in favor of a new discretionary rule which allowed judges to determine the extent of the hearing they would allow. Senate Hearings (Mar. 20, 2000).

In concluding that the General Assembly intended to prohibit formal discovery and limit evidentiary hearings in light of *Moody v. Larsen,* we are mindful that the *Moody* division held that the petitioner there was entitled to conduct formal discovery and have an evidentiary hearing because actions under § 16–5–209 are special statutory proceedings, to which the rules of civil procedure apply. In *Moody*, the division relied on language in C.R.C.P. 1(a) that the rules of civil procedure apply "in all special statutory proceedings, with the exceptions stated in Rule 81." The division then concluded that the procedure set forth in § 16–5–209 did not establish a "procedure and practice" falling under C.R.C.P. 81(a) such that the rules of civil procedure would not apply.

We now conclude, that in amending § 16–5–209, the General Assembly intended to provide an alternative "procedure and practice" inconsistent with the application of the rules of civil procedure, which provide an opportunity for formal discovery. *See* C.R.C.P. 81(a). We reach this conclusion based upon the above-described legislative history, which demonstrates that the General Assembly intended to eliminate the word "hearing" from § 16–5–209 and replace it with the term "proceeding," together with the enumeration of factors the trial court was to consider in making a determination under the statute—competent evidence in a petitioner's affidavit, the explanation of the prosecuting attorney, and any argument of the parties.

Thus, the former statute did not provide a "procedure and practice" inconsistent with the Colorado Rules of Civil Procedure, but the amendment added such a "procedure and practice" and therefore brought the current § 16–5–209 within the C.R.C.P. 81(a) exception to C.R.C.P. 1(a).

We recognize, of course, that the "procedure and practice" under the amended statute limit the ability of an individual to obtain information, which might be gathered through formal discovery or an evidentiary hearing, to prove a case under § 16–5–209. Because Schupper does not allege that any constitutional right of his was implicated by the General Assembly's modification of the statute, we do not address this issue.

Accordingly, the trial court did not err in denying Schupper's motions for formal discovery and an evidentiary hearing.

## II. District Attorney's Explanation

Schupper contends that the trial court erred in accepting Smith's written ex-

planation of her decision not to prosecute because he was not served with a copy of it before the hearing. Schupper also contends that the trial court erred in accepting the explanation because it was unverified and unsworn. We disagree.

■ In construing a statute, we look first to the statute's plain language. *In re Marriage of Ciesluk*, 113 P.3d 135 (Colo.2005).

As noted, § 16–5–209 provides that upon presentation of an affidavit alleging the commission of a crime and a prosecuting attorney's unjustified refusal to prosecute any person for such crime, the trial court, "may require the prosecuting attorney to appear before the judge and explain the refusal." The statute further provides that "based on the competent evidence in the affidavit, the explanation of the prosecuting attorney, and any argument of the parties," the trial court may order the prosecuting attorney to file an information or may appoint a special prosecutor to do so.

Thus, the statute contemplates that the prosecuting attorney may appear in person before the court and explain the refusal to prosecute. Here, the trial court complied with the statute by having the prosecuting attorney appear personally in court to explain her refusal to prosecute.

Because the trial court complied with the statute in this regard, we need not decide whether the statute permits a trial court also to accept a written explanation by the prosecuting attorney and, if so, whether such written explanation must be served on the petitioner before a proceeding in court. We also need not determine whether such a written explanation may be unverified and unsworn.

Moreover, as mentioned earlier, the General Assembly did not intend for a petitioner seeking relief under this statute to have the right to depose the district attorney or conduct formal discovery related to his or her explanation.

■ Furthermore, when District Attorney Smith appeared in court to explain her decision not to prosecute, the trial court was free to weigh the credibility of her explanation. It is the province of the trial court to assess the reliability of the evidence and credibility of witnesses in a case. *People v. Adkins*, 113 P.3d 788 (Colo.2005). Here, the trial court did not abuse its discretion in accepting Smith's explanation.

### III. Dismissal of Other Defendants

■ Schupper contends that the trial court erred in dismissing Edie, Cafasso, Zook, Dix, Sexton, Rodgers, Kaufman, and the Office of the District Attorney as defendants in this case. We disagree.

Under the plain language of § 16–5–209, the "prosecuting attorney" is the only individual who may be ordered to prosecute a case.

Here, Schupper's complaint refers exclusively to Smith as the person responsible for prosecuting the alleged felonious conduct. Moreover, Schupper's former attorney addressed his letter requesting prosecution of members of the district attorney's office to Smith only. Thus, the only "prosecuting attorney" for the purposes of Schupper's petition was Smith. Accordingly, the trial court did not err in dismissing the remaining defendants.

### IV. Cross–Appeal

■ Smith contends on cross-appeal that the trial court erred in not granting her motion to dismiss, in reviewing her decision not to prosecute, and in allowing Schupper to examine her under oath.

■ An issue becomes moot on appeal when the relief granted by the court would not have a practical effect upon an existing controversy. *People v. McMurrey*, 39 P.3d 1221 (Colo.App.2001).

Here, Smith prevailed in the trial court because the court denied Schupper's petition to appoint a special prosecutor. Accordingly, none of Smith's contentions on appeal is reviewable because relief, if granted, would have no practical effect on any present controversy.

The judgment and orders are affirmed.

Judge CASEBOLT and Judge HAWTHORNE concur.